The BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION, Appellant,

v.

DALLAS CENTRAL APPRAISAL DISTRICT, et al., Appellees.

No. 05–88–00166–CV.

Court of Appeals of Texas, Dallas.

Dec. 14, 1988.

Rehearing Denied Jan. 25, 1989.

James B. Harris, Dallas, for appellant.

Peter G. Smith, Dallas and Bill Kimbrough, Austin, for appellees.

Before STEPHENS, BAKER, and THOMAS, JJ.

BAKER, Justice.

In this ad valorem tax case, the Bank of America National Trust & Savings Association appeals from the trial court's judgment denying the bank's suit for judicial review of the Dallas Central Appraisal District's valuation of certain bank property located in Dallas County. The bank asserts eleven points of error, the first of which contends that the trial court erred in partially granting the appellees' motion for summary judgment and granting the appellees' motion for judgment non obstante veredicto because the procedural requirements of the Tax Code,[1] as applied in this case, do not satisfy due process requirements under the United States Constitution or the Texas Constitution. We agree that as applied to the bank under the particular facts of this case, the procedural requirements of the Tax Code do not satisfy due process requirements, and we reverse and remand to the trial court with instructions

for the trial court to remand the case to the Dallas County Appraisal Review Board for a hearing on the bank's protest.

The material facts are without dispute. In 1979, the bank loaned $37,000,000 to Ray Stern for construction of a 353–unit high-rise condominium project in Dallas. The project was completed in December 1981, and the units were then offered for sale to third parties. However, by January 1983 only forty-three units had been sold, and Stern was in default on the bank's loan. Because of the default, the bank foreclosed on May 3, 1983, and acquired the 310 unsold units and a proportionate share of the condominium common areas. The substitute trustee's deeds evidencing the bank's acquisition and containing the bank's name and address were filed for record on May 4, 1983.

Shortly after the foreclosure, the bank retained Century Development Corporation to manage the foreclosed units on the bank's behalf. Arthur Bates, a Century employee, moved to the property as the on-site manager for Century. Bates learned that Stern Realty had hired a tax consulting company to handle the 1983 taxes, and Bates talked with Paul Pennington of that company. Pennington informed Bates that the 1983 taxes on the property would increase from fifteen to twenty percent over the 1982 level.

On June 11, 1983, the district mailed notice of the property's 1983 appraised value to Stern Realty or current owner at 5200 Keller Springs Road, Dallas, Texas, the property address. The 1983 appraised value as determined by the district was approximately $62,000,000. The 1982 appraised value was about $32,000,000, and the 1984 appraised value was about $33,000,000. The bank first received notice of the 1983 appraised value when it received the tax statements in either late October or early November 1983. Bates and Robert Deloya, a vice president of the bank, contacted representatives of the district and the board and orally requested a hearing to

---

**1.** All statutory references are to the Property Tax Code, TEX.TAX CODE ANN. (Vernon 1982).

protest the 1983 appraised value. This request was denied.

Subsequently, by letter dated April 5, 1984, the bank made a formal request for a hearing before the board to protest the 1983 appraised value. By letter dated May 5, 1984, the request was denied as untimely.

It also appears undisputed that the appraisal district submitted the appraisal records for the bank's property to the board on August 5, 1983. A portion of the appraisal records, including those for the bank's property, were approved by the board on that same date.

In its first point of error, the bank contends that judgment for the appellees was erroneous because the procedural requirements of the Tax Code as applied to the bank under the facts in this case do not satisfy due process requirements under the United States or Texas Constitutions. The bank asserts that the failure of the district to provide the bank with a notice of the increased valuation for 1983 violates the due process clauses of both constitutions. The bank further asserts that the provisions of the Tax Code which provide for protest and appeal violate the due process clauses of the federal and state constitutions in that under the facts of this case, the bank was deprived, without fault on its part and in a random manner, of its right to challenge the 1983 appraised value because it was denied an opportunity for an appropriate hearing.

The appellees argue that the law is firmly established that a property owner who wishes to challenge any appraisal district determination which adversely affects him has only one course of action available, and that is to follow the procedures prescribed by the Tax Code in a timely manner and that the notice they gave is in accordance with the terms of the Code and sufficient to satisfy due process requirements of the United States Constitution. *See Valero Transmission Co. v. Hays Consolidated Independent School District,* 704 S.W.2d 857 (Tex.App.—Austin 1985, writ ref'd n.r. e.); *Dallas County Appraisal District v.*

*Lal,* 701 S.W.2d 44 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

Initially, we note that the district and the board did all that was required of them by the Tax Code, as it existed in 1983, with respect to the notice they sent on the 1983 appraised value. *See* § 1.07(b).

In support of its due process argument, the bank relies primarily on *Logan v. Zimmerman Brush Company,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). In *Logan,* the Supreme Court held that where a procedural limitation on a claimant's ability to assert a right deprives a claimant of a property right, due process requires that the established state procedure must provide a proper procedural safeguard before the claimant's property interest is destroyed. *Logan,* 455 U.S. at 432, 102 S.Ct. at 1155–56.

 Under *Logan,* our inquiry is in two parts: We must first determine whether the bank was deprived of a protected interest, and secondly, if so, what process was the bank's due. *Logan,* 455 U.S. at 428, 102 S.Ct. at 1153–54. Because of the foreclosure, from May 4, 1983, and thereafter, the bank was the property owner and, therefore, as such had the right to use the administrative procedures established by the Tax Code. Such right is a species of property protected by the due process clause. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 311–13, 70 S.Ct. 652, 655–57, 94 L.Ed. 865 (1950). As was stated in *Logan,* the due process clause has been interpreted as preventing the State from denying potential litigants use of established adjudicatory procedures when such an action would be "the equivalent of denying them an opportunity to be heard upon their claimed right." *Logan,* 455 U.S. at 429–30, 102 S.Ct. at 1154–55 (citing *Boddie v. Connecticut,* 401 U.S. 371, 380, 91 S.Ct. 780, 787, 28 L.Ed.2d 113 (1971)).

The Tax Code provides that a property owner is entitled to protest before the Review Board the determination of the appraised value of his property or any other action that applies to the property owner and adversely affects him. *See* § 41.41(1)

and (8). To be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice with the Review Board before June 11 of the tax year or within twenty days after the date the appraisal records are submitted to the Review Board, whichever is later. *See* § 41.44(a). Subsection (b) of section 41.44 further provides that a property owner who files his notice of protest after the deadline prescribed in subsection (a) but before the Review Board approves the appraisal records is entitled to a hearing and determination of the protest if he shows good cause as determined by the board for failure to file the notice on time. *See* § 41.44(b). A property owner is afforded a right of appeal to a district court from an order of the Review Board determining a protest by such property owner as provided by section 41.41 of the code. *See* § 42.01(1).

■ Under the administrative procedure established by the Tax Code, the bank was required to file a written notice of protest with the board before June 11, 1983, or within twenty days after the date the appraisal records were submitted to the board by the district. The evidence reflects the appraisal records were submitted to the board on August 5, 1983. The evidence also reflects that the board approved the appraisal records of the subject property on August 5, 1983, the same date the records were submitted to the board. The written notice of April 5, 1984, by the bank was untimely under section 41.44. Also, because the board approved the appraisal records on the subject property on the same date that the records were submitted, the bank was precluded from filing any late notice of protest under section 41.44(b). Indeed, the board concedes that it was without statutory authority to entertain the bank's late protest even if it had met a good cause definition because the protest was filed after the board had approved the appraisal records for the subject property. Thus, because the procedures established by the legislature in the code as it existed in 1983 constitute a procedural limitation on the bank's ability to assert its rights under the particular facts of this case, the system has deprived the bank of a property right.

■ As stated in *Logan*, the due process clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged. Thus, it has become a truism that "*some* form of hearing" is required before the owner is finally deprived of a protected property interest. The State may not finally destroy a property interest without first giving the putative owner an opportunity to present his claim of entitlement. *Logan*, 455 U.S. at 434, 102 S.Ct. at 1156–57.

The Tax Code as it existed in 1983, as applied to the bank in this case, deprived the bank of its property interest without according it a proper procedural safeguard and therefore denied the bank procedural due process. In 1983 the Tax Code failed to provide a procedure whereby a property owner in the position of the bank under the facts of this case could have the opportunity to present its case and have its merits fairly judged. We hold that the failure of the Tax Code to authorize the opportunity for a hearing on the bank's protest of the appraisal of its property, as applied to the particular facts of this case, constitutes an unconstitutional deprivation of property without due process of law. We sustain the bank's first point of error.

Because the conclusions we reach in sustaining the bank's first point of error are dispositive of this appeal, we do not deem it necessary to consider or discuss either the bank's remaining points of error or the cross-points asserted by the district and the board.

The judgment is reversed, and the cause is remanded to the trial court with instructions to remand the case to the Dallas County Appraisal Review Board to conduct a hearing on the bank's protest of the 1983 appraisal of the subject property.