The STATE of Texas, COUNTY OF BEXAR, and Southside I.S.D., Appellants,

v.

SOUTHOAKS DEVELOPMENT COMPANY, INC. and Joseph A. Lucci, Jr., M.D., P.A. Pension Plan Trust, Appellees.

No. 04–93–00640–CV.

Court of Appeals of Texas, San Antonio.

Sept. 20, 1995.

Rehearing Denied Oct. 24, 1995.

Karl E. Hays, San Antonio, for Appellant.

Robert W. Loree, Law Office of Robert W. Loree, San Antonio, for Appellee.

Before CHAPA, C.J., and RICKHOFF, LOPEZ, STONE, HARDBERGER, DUNCAN and DIAL, JJ.[1]

---

**1.** Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

## OPINION ON MOTION FOR REHEARING EN BANC[2]

DUNCAN, Justice.

The motion for reconsideration en banc of Joseph A. Lucci, Jr., M.D. P.A. Pension Plan Trust ("Lucci") is granted. The panel's December 30, 1994 opinion is withdrawn, and the following is substituted in its place.

The State of Texas, Bexar County, and Southside I.S.D. ("the taxing units") filed suit against Lucci to collect delinquent taxes allegedly owed by him on two tracts of land located in Bexar County. Lucci counterclaimed, seeking a declaratory judgment voiding the tax assessments, an injunction restraining their collection, and damages under 42 U.S.C. § 1983 for violations of his constitutional rights under state and federal law. The trial judge granted Lucci's motions for partial summary judgment and voided the tax assessments; consolidated the two cases for a bench trial on Lucci's counterclaims; and thereafter rendered a judgment declaring that Lucci's civil rights had been violated, finding his nominal damages to be $500, and awarding him $8,600 in attorney's fees and costs of court. We affirm.

### FACTS

By virtue of a 1986 partition deed, Lucci became the sole owner of the surface of two tracts of land in Bexar County, Texas. For many years prior to the partition, the larger tract out of which Lucci's tracts were partitioned was used exclusively for cattle grazing and, therefore, qualified as open space land under section 23.51 of the Texas Tax Code. As open land space, the larger tract was appraised, for tax purposes, at less than market value under what is commonly referred to as the agricultural use exemption. *See* TEX.TAX CODE ANN. § 23.52 (Vernon 1992); *see also* TEX. CONST. art. VIII, § 1–d–1; TEX. PROP.CODE ANN. §§ 23.001 *et seq.* (Vernon 1984). Taxes on each tract were approximately $100.

---

**2.** Justice Paul W. Green not participating.

*Exemption Denied and Roll–Back Taxes Assessed Without Notice to Lucci*

After the partition, Lucci's two tracts continued to be used exclusively for cattle grazing. However, in 1988, the chief tax appraiser inexplicably denied Lucci's tracts the agricultural use exemption. Accordingly, for each tract for each of the previous five years, Lucci was assessed additional taxes representing the difference between the tax that was in fact assessed and that which would have been assessed using a market value appraisal. *See* Tex.Tax Code § 23.55(a) (Vernon 1992). This is commonly referred to as an agricultural roll-back tax.

At the time the agricultural roll-back tax was assessed, the chief appraiser was not statutorily required to notify Lucci of his denial of the agricultural use exemption; he was simply required to provide Lucci with a statement for additional taxes "as soon as practicable after the change of use occurs." Act of May 24, 1979, 66th Leg., R.S., ch. 841, § 1, 1979 Tex.Gen.Laws 2217, 2259, *amended by* Act of May 26, 1989, 71st Leg., R.S., ch. 796, § 20, 1989 Tex.Gen.Laws 3591, 3598) (current version at Tex.Tax Code § 23.55(e) (Vernon 1992)) (requiring delivery of such notice "as soon as possible after making the determination and shall include in the notice an explanation of the owner's right to protest the determination"). But even the statement required by the 1988 version of section 23.55(e) did not reach Lucci. Despite Lucci's repeated requests, the Bexar Appraisal District still carried the ownership of the two tracts under the name of one of Lucci's co-owners prior to the partition and it was to this prior co-owner that the notices were sent. Moreover, even if Lucci had received the required notice, the Texas Tax Code contained no provision granting a taxpayer the right to protest an agricultural roll-back tax. *See* Act of May 26, 1989, 71st Leg., R.S., ch. 796, § 36, 1989 Tex.Gen.Laws 3591, 3601 (current version at Tex.Tax Code § 41.41(8) (Vernon 1992) (1989 amendment to add subdivision 8 granted property owner right to protest a change in use of land).

*The Taxing Units File Suit and Lucci Counterclaims*

Lucci first learned of the denial of the agricultural use exemption—and the taxing units' claim that he owed almost $20,000 in taxes—in September 1989, when Bexar County and other taxing units filed two suits (Cause Nos. 89–TA1–2853 and 89–TA1–4468) seeking to collect delinquent taxes, penalties, interests, and costs. In response to both suits, Lucci counterclaimed for a declaratory judgment establishing (1) the failure to give him notice of the denial of the agricultural use exemption constituted a denial of his civil due process rights under 42 U.S.C. § 1983; and (2) the assessments based on that denial were void. Lucci also sought an injunction restraining the taxing units from attempting to collect the allegedly delinquent taxes and an award of his reasonable attorney's fees.

*Lucci Obtains a Partial Summary Judgment in Cause No. 89– TA1–2853*

In Cause No. 89–TA1–2853, both the taxing units and Lucci moved for partial summary judgment. The taxing units' motion was supported by an affidavit and certified tax statements for both 1988 and 1989. Lucci's motion, as well as his response to the taxing units' motion, alleged that these assessments were "invalid, illegal, null and void" because he had not received any notice of an increase in appraised value, a change in use determination, or a denial of the agricultural use exemption. Lucci's motion, which sought judgment as to the 1988 taxes only, was supported by his own affidavit, as well as copies of the partition and special warranty deeds, various correspondence, and the tax statements sent to Lucci's co-owner prior to the partition.

Only Bexar County and Southside I.S.D. responded to Lucci's motion. These taxing units alleged that, because Lucci had failed to exhaust his administrative remedies with the Bexar Appraisal District, he had "forfeited his right to a final determination of his protest." In a supplemental response, these taxing units further alleged that Bexar Appraisal District was not their agent for purposes of tax appraisals. Although Lucci objected to this supplemental response and the supporting affidavit as untimely, there is no

written order in our record sustaining the objection.

The trial judge denied the taxing units' motion and granted Lucci's motion, declaring the assessed 1988–89 taxes, penalties, and interest void without prejudice to the Bexar County Appraisal District's reappraising Lucci's property as omitted property. *See* TEX.TAX CODE § 25.21 (Vernon 1992).

### *Lucci Obtains a Partial Summary Judgment in Cause No. 89– TA1–2853*

After Lucci obtained a partial summary judgment in Cause No. 89–TA1–2853, that case was consolidated with Cause No. 89–TA1–4468. On the same day, the trial court granted a partial summary judgment as to the tax assessments for 1988 involved in Cause No. 89–TA1–4468. Nothing in the trial court's summary judgment indicates the motion was agreed. However, the record before us does not contain a response by any taxing authority to Lucci's motion for partial summary judgment in Cause No. 89–TA1–4468, and this may be because the taxing units initially agreed to the summary judgment.

### *Bench Trial*

After the partial summary judgments were rendered, the trial judge conducted a bench trial on Lucci's counterclaims. During the trial, Lucci presented testimony, as well as over twenty exhibits, to demonstrate that the agricultural use exemption was denied, and the roll-back taxes were assessed, without notice to him. Lucci also presented testimony as to his reasonable and necessary attorney's fees.

The trial judge rendered judgment for Lucci on his attorney's fees claim under 42 U.S.C. § 1983 and, at the taxing units' request, issued findings of fact and conclusions of law. Among the court's conclusions of law were that the taxing units, acting for themselves and through their agents, which the court ruled included Bexar Appraisal District, had denied Lucci procedural due process, and the 1988 and 1989 taxes sought to be collected were void.

### PROPRIETY OF THE SUMMARY JUDGMENTS

### *Standard of Review*

We review a summary judgment de novo. Accordingly, a summary judgment will be upheld only where the movant establishes that there is no genuine issue of material fact and she is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Mgt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether the summary judgment proof presents a disputed issue of material fact, we view as true the evidence favorable to the non-movant and indulge every reasonable inference and resolve all doubts in his favor. *Nixon*, 690 S.W.2d at 548–49.

### *Grounds for Review*

As noted above, the only ground upon which any taxing authority resisted Lucci's motion for summary judgment in Cause No. 89–TA1–2853 was that Lucci failed to exhaust his administrative remedies. This ground, however, has been abandoned on appeal. So far as the record before us indicates, no response whatsoever was filed in Cause No. 89–TA1–4468. Accordingly, the taxing units are limited on appeal to contending that Lucci's summary judgment proof was insufficient as a matter of law to support the summary judgments. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *see generally* TIMOTHY PATTON, TEXAS SUMMARY JUDGMENTS §§ 4.01–.02 (Butterworth 1994 ed.).

### *The 1989 Taxes*

In recognition of these constraints, the taxing units first argue under their first point of error that the summary judgment in Cause No. Cause No. 89–TA1–2853 was improper because Lucci neither moved for summary judgment nor presented summary judgment proof as to the 1989 taxes, yet the trial court's summary judgment declared the 1989 taxes void. We agree with the taxing units that Lucci did not move for summary judgment with respect to the 1989 taxes.

We disagree, however, that this requires that we reverse the summary judgment as to the 1989 taxes.

■ Lucci first argues that the taxing units waived this argument by failing to include it in their written response. We disagree. As noted above, the taxing units are entitled to attack the legal sufficiency of Lucci's motions, as well as the sufficiency of his proof. *See generally* TIMOTHY PATTON, TEXAS SUMMARY JUDGMENTS § 4.01 (Butterworth 1994 ed.). Lucci also argues that the taxing units are estopped from attacking the summary judgment because it was an agreed judgment. Again, we disagree. Nothing in the record before us indicates that the summary judgment in Cause No. 89–TA1–2853 was an agreed judgment.

■ On the merits, Lucci argues that his summary judgment proof unquestionably establishes that he did not receive notice of any action taken by the taxing units at any time as to this tract with respect to either the 1988 or the 1989 assessment. We agree. The trial judge had before him not only Lucci's summary judgment motion and proof, but also the taxing units' motion and proof, and it was the taxing units' motion and proof that conclusively established that they sought collection of the 1989 taxes, the fact that the agricultural use exemption had been denied, and the amount of the 1989 taxes. Under these circumstances, we believe the trial judge was authorized to render a summary judgment on the uncontroverted summary judgment proof regarding the 1989 taxes. *Cf. DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969) (on cross-motions for summary judgment, court may consider evidence supporting both motions). Moreover, even if the trial court was not authorized to grant a *summary* judgment as to the 1989 taxes, it was authorized to render a *final* judgment as to the 1989 taxes as a result of the testimonial and documentary evidence introduced at the bench trial and the court's findings of fact and conclusions of law. Accordingly, any error in this respect was harmless. *See* TEX.R.APP.P. 81(b).

*Requirement of Notice*

The taxing units next argue that the summary judgments were improper because the applicable version of section 23.55(e) is the version in effect in 1988, and this version does not require that Lucci be given notice that his agricultural exemption had been denied. Lucci responds that he was entitled to notice and a hearing as a matter of state and federal constitutional law, irrespective of any statute to the contrary. We agree. The procedural requirements of the 1988 version of section 23.55(e) simply did not satisfy due process requirements under the United States and Texas Constitutions.

■ Collection of a tax constitutes a deprivation of property; accordingly, a taxing unit must afford a property owner due process of law. *McKesson v. Division of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). At a minimum, due process in this context requires notice and a fair opportunity to be heard prior to a deprivation of a protected property interest. *Id.* at 37, 110 S.Ct. at 2250–51. Procedural due process applies to proceedings under the Texas Tax Code. *See, e.g., Bank of America v. Dallas Central Appraisal Dist.*, 765 S.W.2d 451, 453–54 (Tex. App.—Dallas 1988, writ denied) (quoting *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 432, 102 S.Ct. 1148, 1155–56, 71 L.Ed.2d 265 (1982)).

In *Bank of America*, the Dallas Court of Appeals held that a property owner's right to protest an increased tax valuation constituted a property interest entitled to the protection of procedural due process. *Bank of America*, 765 S.W.2d at 453. Accordingly, since the Tax Code did not require notice of increased valuation in time for the property owner to avail itself of its administrative remedies, the court held that "the failure of the Tax Code to authorize the opportunity for a hearing on the bank's protest of the appraisal of its property ... constitutes an unconstitutional deprivation of property without due process of law." *Id.* at 454; *see also Garza v. Block Distrib. Co.*, 696 S.W.2d 259, 261–62 (Tex.App.—San Antonio 1985, no writ) (failure to follow statutory procedure for notice and protest hearing deprived prop-

erty owner of due process); *cf. Republic Ins. Co. v. Highland Park I.S.D.*, 141 Tex. 224, 171 S.W.2d 342, 344 (1943).

The same reasoning employed in *Bank of America* applies in this case. At a minimum, Lucci was entitled to notice and an opportunity to protest and be heard as to the denial of the agricultural use exemption and the resulting imposition of agricultural roll-back taxes. The taxing units' failure to give Lucci notice, although permitted by the 1988 version of section 23.55(e), thus deprived Lucci of his property interest without proper procedural safeguards and amounted to an unconstitutional deprivation of property without due process of law. The trial court thus properly granted Lucci's motion for partial summary judgment. The taxing units' first point of error is overruled.

## VIOLATION OF 42 U.S.C. § 1983

Under their second point of error, the taxing units argue first that they are not liable for a violation of 42 U.S.C. § 1983, because the trial court erred in finding, as she did, that Bexar Appraisal District "had a custom or policy of failing to give taxpayers of Bexar County, including [Lucci], the proper notices required under general due process requirements, of the Texas and Federal Constitutions and the Texas Property Tax Code, particularly in regard to the imposition of roll-back taxes and change of use determination regarding agriculture [sic] use/open-space land." The taxing units' contention is simply not supported by the record. The trial court heard expert testimony that such a custom or policy existed and was authorized to make the finding she did.

The taxing units next argue that, because state remedies were adequate to protect Lucci's due process rights, his section 1983 action must fail. Plainly, however, the procedures under the 1988 Tax Code were not adequate to provide Lucci either with notice or with a meaningful opportunity to protest and have his protest heard. As noted above, it was not until the 1989 amendments that the Legislature provided notice and an opportunity to protest to property owners who stood to lose their agricultural use exemptions. The taxing units' reference to sections 25.25 and 41.41 of the Tax Code are likewise unavailing. Section 25.25 provides for the correction of "clerical" errors only, and there was no allegation or evidence before the trial court that the denial of Lucci's agricultural use exemption or the imposition of roll-back taxes was merely a clerical error. Section 41.41(9) does—and section 41.41(8) did in 1988—provide that any property owner adversely affected by a decision of the chief appraiser can file a protest with a review board. However, we fail to see how this section provided Lucci with a meaningful opportunity to be heard in light of the undisputed fact that he did not receive any notice regarding any action taken with respect to the 1988 or 1989 taxes.

## ATTORNEY'S FEES UNDER
## 42 U.S.C. § 1988

The taxing units next argue that Lucci was not entitled to attorney's fees because he was not a prevailing party for purposes of 42 U.S.C. § 1988. We disagree. Once a plaintiff obtains significant relief, such that his relationship with the defendant is altered, he crosses the threshold and is entitled to attorney's fees. The degree of relief obtained and at which stage in the litigation merely goes to the amount of attorney's fees that is reasonable. *Texas State Teachers Ass'n v. Garland I.S.D.*, 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989).

Lucci obtained significant relief at both stages of this proceeding. At the summary judgment stage, he obtained a declaration that the 1988 and 1989 taxes were void and, at the trial stage, he obtained findings and conclusions establishing his right to declaratory and injunctive relief, as well as nominal damages. Lucci was thus a prevailing plaintiff entitled to an award of attorney's fees under 42 U.S.C. § 1988. The taxing units' second point of error is overruled.

### Court Costs

Finally, the taxing units argue that the trial court erred by assessing court costs against them because they are statutorily exempt from court costs in a suit to collect delinquent taxes, regardless of whether they

win or lose. We agree with this proposition as a general principle. *See* TEX.TAX CODE ANN. § 33.49(a) (Vernon Supp.1995); *City of Wichita Falls v. ITT Commercial Fin. Corp.,* 835 S.W.2d 65, 65–66 (Tex.1992). However, this was not simply an unsuccessful suit to collect delinquent taxes. Lucci sued under 42 U.S.C. § 1983 and prevailed. Accordingly, he is entitled to recover his costs pursuant to 42 U.S.C. § 1988, whether or not the costs are taxable as court costs. *Harris v. Marhoefer,* 24 F.3d 16, 19–20 (9th Cir.1994). This rule of federal law applies and takes precedence over conflicting state law. *Cf. Collins v. Thomas,* 649 F.2d 1203 (5th Cir. 1981), *cert. denied,* 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982). The taxing units' third point of error is overruled.

The judgment is affirmed.