# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00821-CV

**Lee County; City of Giddings; Giddings Independent School District; and Lee County, As Successor To Lee County Hospital District, Appellants**

**v.**

**Mattie Everett and Johnnie Everett, Appellees**

### FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
### NO. S-2033, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Lee County, City of Giddings, Giddings Independent School District, and Lee County, as successor to Lee County Hospital District (collectively "Lee County") sued to collect unpaid taxes owed by Mattie Everett and Johnnie Everett (collectively "the Everetts") for real property they owned in Lee County. Lee County also sought a judicial order of foreclosure of a lien for the unpaid taxes. The district court found that the Everetts' property taxes were due and owing, and ordered foreclosure of the tax lien. The district court awarded Lee County the unpaid taxes, along with penalties and interest, certain court costs, and costs associated with the foreclosure sale. The district court also ordered Lee County to pay the fees of the attorney ad litem appointed to represent the interests of the Everetts, who were apparently deceased. By one issue, Lee County asserts that the district court erred in assessing ad litem attorney's fees against the taxing units. We will reverse the district court's judgment and remand the cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 1997, the City of Giddings sued the Everetts to collect property taxes assessed against a lot they owned in Giddings, Texas for tax years 1994 through 1996. *See* Tex. Tax Code Ann. § 33.41 (West 2008). Lee County, Giddings Independent School District, and Lee County, as successor to Lee County Hospital District, intervened in the suit, seeking to recover unpaid taxes owed to those taxing entities for the same property. In July 2004, Lee County filed an amended petition consolidating the claims of all the taxing units. The amended petition sought to recover the Everetts' unpaid property taxes for tax years 1994 through 2003. *See id.* Lee County also requested a judgment for all taxes delinquent at the time of judgment plus interest and penalties, costs of court, and attorney's fees. *See id.* § 33.42. As security for the amounts due, Lee County sought foreclosure of the tax lien against the property, with the proceeds of the foreclosure sale to be used to pay all taxes, penalties, and interest accrued through the date of sale. *Id.* §§ 33.48, 34.01.

Because Lee County was unable to locate and personally serve the Everetts, it requested citation by posting. *See* Tex. R. Civ. P. 103, 117a. When the Everetts failed to answer or otherwise respond to the citation by posting, the district court appointed an attorney ad litem to represent their interests. *See* Tex. R. Civ. P. 244 (court shall appoint attorney to defend suit on behalf of defendant cited by publication who files no answer or special appearance). The attorney ad litem filed an answer on their behalf and represented their interests at trial. After a bench trial, the district court signed an order awarding Lee County the amount of property taxes due, along with costs of suit already incurred and costs that would be incurred in connection with the tax sale. The

2

district court ordered that "the proceeds of any foreclosure sale in this cause shall be applied first to the payment of all accrued costs of suit and sale, and any residue shall be distributed as provided by law." The order also "allowed the sum of $1,150.75 as attorney's fees, such sum to be taxed as court costs herein however said sum to be paid by the taxing jurisdictions to the attorney ad litem in proportion to their outstanding tax delinquency."

Lee County filed a motion for new trial on the ground that the district court erred in assessing ad litem attorney's fees as court costs against the taxing units in contravention of section 33.49 of the tax code. *See* Tax Code § 33.49(a). The district court denied the motion for new trial, and this appeal followed. The sole issue on appeal is whether the district court erred in assessing ad litem attorney's fees as court costs against Lee County in its suit to collect the Everetts' unpaid taxes.

### STANDARD OF REVIEW

Statutory construction presents questions of law that we review de novo. *Bragg v. Edwards Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002); *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 512 (Tex. App.—Austin 2007, no pet.). In construing a statute, our task is to determine and give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2006); *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005). We ascertain that intent "first and foremost" from the statute's language as written. *Sanchez*, 229 S.W.3d at 512. We consider the statute as a whole, not as isolated individual provisions, and we do not give one provision a meaning out of harmony or inconsistent with other provisions, even

3

though it might be susceptible to such a construction standing alone. *See Texas Dep't of Transp.*

*v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002).

## DISCUSSION

Section 33.49 of the Texas Tax Code provides:

> Except as provided by subsection (b), a taxing unit is not liable in a suit to collect taxes for court costs, including any fees for service of process, an attorney ad litem, arbitration, or mediation, and may not be required to post security for costs.

Tax Code § 33.49(a).[1]  Lee County contends that the district court acted in contravention of this statute by assessing attorney ad litem fees against the taxing units in this case. We agree. The statute clearly and unambiguously provides that taxing units are exempt from court costs, including attorney ad litem fees, in suits to collect delinquent taxes. *Id.*; *see also City of Wichita Falls v. ITT Commercial Fin. Corp.*, 835 S.W.2d 65, 66 (Tex. 1992); *Leander Indep. Sch. Dist. v. Texas Conference Ass'n of Seventh-Day Adventists*, 679 S.W.2d 487, 488 (Tex. 1984) (per curiam); *Aldine Indep. Sch. Dist. v. Moore*, 694 S.W.2d 454, 455 (Tex. App.—Houston [1st Dist.] 1985, orig. proceeding) (taxing unit not liable for costs of suit and cannot be required to post security to assure payment of ad litem fees).

At trial, the attorney ad litem argued that the district court had authority to assess ad litem attorney's fees as costs against Lee County pursuant to rule 141 of the Texas Rules of Civil

---

[1] Subsection (b) of section 33.49 addresses the taxing unit's obligation to pay the cost of publishing citation, notices of sale, or other notices, and does not apply to the assessment of ad litem attorney's fees at issue in this appeal. *See* Tex. Tax Code Ann. § 33.49(b) (West 2008) (taxing unit shall pay cost of publishing citations, notices of sale, or other notices from unit's general fund as soon as practicable after receipt of publisher's claim for payment).

4

Procedure and the reasoning set forth in *Rhodes v. Cahill*, 802 S.W.2d 643 (Tex. 1990). *See* Tex. R. Civ. P. 141 ("The court may, for good cause to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."). In *Rhodes*, however, the issue of ad litem attorney's fees was addressed in an adverse possession action between two individuals. The supreme court stated that "good cause" existed for assessing ad litem fees as costs against the successful party under rule 141 of the Texas Rules of Civil Procedure and rule 89 of the Texas Rules of Appellate Procedure, observing that otherwise court-appointed attorneys representing unknown parties would serve without compensation unless successful on appeal. 802 S.W.2d at 647. In *Rhodes*, therefore, because none of the parties was a taxing unit, section 33.49 of the tax code was not implicated.

In the present appeal, the ad litem attorney, relying on *State v. Castle Hills Forest, Inc.*, 842 S.W.2d 370 (Tex. App.—San Antonio 1992, writ denied), contends that section 33.49 of the tax code does not "override or trump" the authority of the district court granted by Texas Rule of Civil Procedure 141 to assess costs otherwise than as provided by law or the rules.[2] It is beyond debate, however, that when a rule of court conflicts with a substantive right granted by statute, the rule must yield. *See* Tex. Gov't Code Ann. § 22.004 (West Supp. 2008) (rules governing practice and procedure in civil actions may not abridge, enlarge, or modify substantive rights of litigant); *Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424, 425 (Tex. 1971) (when rule of court conflicts with legislative enactment, rule must yield). *Castle Hills Forest* does not hold otherwise. At issue in *Castle Hills Forest* was whether the district court had discretion to reduce the court costs owed

---

[2] The Everetts did not file an appellate brief. The attorney ad litem makes his arguments in support of the district court judgment in an amicus brief.

by the taxpayer when the taxing entity filed 123 separate suits instead of filing one suit involving all 123 parcels owned by the taxpayer. The district court ordered the statutory filing fees assessed on the basis of a single lawsuit. *Id.* at 372. On appeal, the court held that there was no conflict between the district court's ability to apportion costs under rule 141 and the taxing authority's right to recover costs under section 33.48 of the tax code. *Id.* Significantly, the district court did not assess any costs against the taxing authority—it simply ordered the defendants to pay a portion of, rather than all, the filing fees. *Id.* at 373 ("Though the district clerk will be paid less for one lawsuit than for 123, his real quarrel is with § 33.49, which immunizes the taxing entities from liability for court costs and filing fees."). The court of appeals acknowledged that it had no authority to assess the filing fees for the additional 122 suits against the taxing unit in contravention of section 33.49 of the tax code. *Id.*

The ad litem attorney's reliance on *Fort Bend County v. Martin-Simon*, 177 S.W.3d 479 (Tex. App.—Houston [1st Dist.] 2005, no pet.) and *State v. Southoaks Development Co.*, 920 S.W.2d 330 (Tex. App.—San Antonio 1995, no writ) is likewise misplaced. In *Fort Bend County*, the court of appeals affirmed a trial court order awarding the taxpayer attorney's fees under the declaratory judgments act after the taxing entities filed a nonsuit and abandoned their suit to collect taxes. 177 S.W.3d at 482. In *Southoaks Development*, the court of appeals affirmed an award of attorney's fees pursuant to 42 U.S.C. § 1988, observing that the action was not simply an unsuccessful suit to collect delinquent taxes—the taxpayer had prevailed in a counterclaim under 42 U.S.C. § 1983. 920 S.W.2d at 337. The court of appeals held that this rule of federal law applied and took precedence over the conflicting state law. *Id.* The present case involves only the taxing unit's suit to collect taxes.

6

The ad litem attorney asserts that he and others similarly situated will essentially be deprived of compensation for their efforts on behalf of the absent defendants if their fees are not assessed against the taxing unit. We disagree. Section 34.02 governs the distribution of proceeds of a tax sale under section 34.01, which includes sales of real property pursuant to foreclosure of a tax lien. *See* Tax Code §§ 34.01, .02. Section 34.02 requires that the proceeds be applied first to fully pay the costs of advertising the tax sale and second to fully pay "any fees ordered by the judgment to be paid to an appointed attorney ad litem." *Id.* § 34.02(a), (b). Only after the proceeds have been applied to fully compensate the ad litem attorney and pay various other court costs may the sale proceeds be used to satisfy the judgment awarding taxes, penalties, interest, and attorney's fees to the taxing units. *Id.* Thus, under the tax code, the ad litem attorney's fees take precedence over even the unpaid property taxes when distributing the proceeds of the tax sale. All that is required is that the district court either order the absent defendant to pay the ad litem fees or order such fees to be paid from the proceeds of the sale.[3] In either case, the proceeds of the tax sale must then be used to fully pay the ad litem attorney's fees once the costs of advertising the tax sale are paid. The district court cannot, however, as it did in the present case, assess the ad litem attorney's fees against the taxing units themselves.

The trial court's order assessing ad litem attorney's fees as costs against the taxing units directly contravenes section 33.49 of the tax code. Consequently, we sustain Lee County's sole

---

[3] In addition, section 33.48 of the tax code provides that a taxing unit is entitled to recover reasonable attorney ad litem fees approved by the court incurred in a suit in which the court orders appointment of an attorney to represent the interests of a defendant served by publication or posting. *See* Tax Code § 33.48.

issue on appeal.  We remand the cause to the trial court to award or assess ad litem attorney's fees in a manner consistent with the tax code.  *See* Tax Code §§ 33.48, 33.49.

## CONCLUSION

Having found that the trial court erred in assessing ad litem attorney's fees as costs against the taxing units, we reverse the court's judgment and remand the cause to that court for further proceedings.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Pemberton

Reversed and Remanded

Filed:   May 29, 2009