**Alfred L. HARSTON and Wife, Mary E. Harston, Appellants,**

v.

**KENDALL COUNTY APPRAISAL DISTRICT, et al., Appellees.**

No. 04–88–00565–CV.

Court of Appeals of Texas, San Antonio.

July 19, 1989.

Richard A. Finegan, Austin, for appellants.

Charles J. Muller, III, Farley P. Katz, San Antonio, for appellees.

Before REEVES, PEEPLES and CARR, JJ.

OPINION

CARR, Justice.

This case involves the interpretation of TEX.TAX CODE ANN. § 42.08 (Vernon 1989).

On April 9, 1987, the appellants, Alfred and Mary Harston, filed an application for an open-space valuation on real property located in Kendall County, Texas. The request was denied by the County Appraisal District and appellants filed a notice of protest. On June 22, 1987, appellee, the Kendall County Appraisal Review Board, denied the requested open-space valuation and appellants appealed to the District Court. In January 1988, appellants paid the taxes, as assessed, prior to the delinquency date. The appellee then filed a motion to dismiss alleging that the appellants had failed to comply with TEX.TAX CODE ANN. § 42.08(c) (Vernon 1987), by having made full payment of the taxes as assessed. Based on that reason, the trial court granted the motion to dismiss.

Section 42.08 reads as follows:

(b) A property owner who appeals as provided by this chapter must pay the tax due on the amount of value of the property involved in the pending action that is not in dispute or the amount of tax paid on the property in the preceding year, whichever is greater, before the delinquency date or he forfeits his right to proceed to a final determination of the pending action. In that event, the reviewing court on its own motion or on the motion of an opposing party shall dismiss the pending action.

Subsequent to the submission of this case on appeal, however, TEX.H.B. 432, 71st Leg. (1989), enacted June 15, 1989, amended § 42.08(c) to read as follows:

(c) A property owner that pays the amount of taxes greater than that required by Subsection (b) does not forfeit the property owner's right to a final determination of the appeal by making the payment. . . .

Furthermore, Bill Section 49(a)(2) provides that Bill Section 43 shall "take effect immediately." Bill Section 49(i) is a further elaboration of the effective date of Bill Section 43 and provides as follows:

(i) The change in law made by Section 43 of this Act applies to an appeal under Chapter 42, Tax Code, without regard to whether the appeal was filed or the taxes paid before the effective date of that section.

It was, therefore, not fatal for the appellants to have paid the assessed amount. We sustain appellants' point of error and reverse and remand this case to the trial court.