**The RESOLUTION TRUST CORPORA- TION, as Conservator for Sunbelt Fed- eral Savings, FSB, Appellant,**

v.

**WILLIAMSON COUNTY APPRAISAL DISTRICT and Williamson County Review Board, Appellees.**

No. 6–90–052–CV.

Court of Appeals of Texas, Texarkana.

July 9, 1991.

Rehearing Overruled July 30, 1991.

Joseph M. Harrison IV, Haynes & Boone, San Antonio, for appellant.

Russell R. Graham, Deborah S. Cartwright, Calame, Linebarger & Graham, Austin, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

The Resolution Trust Corporation, as conservator for Sunbelt Federal Savings, FSB, appeals the trial court's dismissal of its suit against the Williamson County Appraisal District complaining of the taxable value of certain property. The question on appeal is whether the 1987 payment of the full amount of taxes assessed bars Resolution Trust from complaining about the amount assessed by the Appraisal District. We determine that it does not. Therefore, we reverse the dismissal and order that the case be reinstated on the trial court's docket.

This is an appeal of an order from the Williamson County Appraisal Review Board setting the taxable value of the property in question at $37,269,739.00 for the 1985 tax year. Overlapping appraisal entity Travis Central Appraisal District had valued the property at $11,317,760.00 for the same tax year. Perhaps because of this discrepancy, Sunbelt's predecessor owner, J.W. Wood, Trustee, gave timely notice of appeal under TEX.TAX CODE ANN. § 42.06 (Vernon Supp.1991) and timely filed his petition for review in the district court of Williamson County, pursuant to TEX.TAX CODE ANN. § 42.21 (Vernon Supp.1991). Before the statutory February 1, 1986, delinquency date, Wood also complied with the partial tender requirements of TEX.TAX CODE ANN. § 42.08(b) as then written, by paying, prior to delinquency, the taxes due

on the undisputed amount of value. *See* Property Tax Code Act, ch. 841, § 42.08, 1979 Tex.Gen.Laws 2310, *repealed by* ch. 796, § 43, 1989 Tex.Gen.Laws 3604.

In September 1986, lienholder Western Federal Savings and Loan Association foreclosed, and on March 13, 1987, Western filed motions to intervene and to retain the case on the docket. Both of these motions were unopposed. On March 25, 1987, Western paid the remaining amount of taxes due on the property according to the Appraisal Review Board order from which this appeal was taken. In December 1987, Wood and Western jointly moved to formally substitute Western as party plaintiff, again unopposed. In August 1988, Western was placed in receivership and most of its assets, including the real property in question and rights under the pending valuation appeal, were transferred to the newly chartered Sunbelt Savings, FSB. In March 1989, Sunbelt filed its motion to substitute as party plaintiff, which was unopposed. Five days before trial, the Appraisal District filed a motion to dismiss because of noncompliance with Section 42.08 of the Texas Property Tax Code. On September 26, following argument, the court first denied, then granted, the motion to dismiss. On November 21, 1989, the court signed an order of dismissal.

■ The question before this Court is whether by paying the full amount assessed by the Appraisal District, Western, as predecessor to Sunbelt, forfeited the right to contest the appraised value of the property. When this case was filed and taxes were paid in 1986 and 1987, Section 42.08 of the Texas Tax Code provided that:

(a) The pendency of an appeal as provided by this chapter does not affect the date taxes become delinquent.

(b) A property owner who appeals as provided by this chapter must pay the tax due on the amount of value of the property involved in the pending action that is not in dispute or the amount of tax paid on the property in the preceding year, whichever is greater, before the delinquency date or he forfeits his right

to proceed to a final determination of the pending action.

Property Tax Code Act, ch. 841, § 42.08, 1979 Tex.Gen.Laws 2310 (repealed 1989). In *Hunt County Tax Appraisal Dist. v. Rubbermaid Inc.*, 719 S.W.2d 215, 219 (Tex.App.–Dallas 1986, writ ref'd n.r.e.), this provision was interpreted as meaning that payment in full of the assessed taxes precluded a taxpayer's right to contest the appraised value of the property. The court held that Rubbermaid had not preserved its right to appeal because it did not comply with Section 42.08 of the Texas Tax Code. The court said,

Rubbermaid's confusion or lack of understanding of section 42.08 is no justification for its decision to pay the taxes in full. In fact, section 42.08 clearly established the procedure an appealing property owner was to follow to avoid forfeiture of its right to appeal. Full payment of the taxes assessed does not comply with the statutory requirements. Everyone is presumed to know the law, and if one voluntarily makes a payment which the law would not compel him to make, he cannot afterward assign his ignorance of the law as a reason why the State should furnish him with legal remedies to recover it.

*Hunt County Tax Appraisal Dist. v. Rubbermaid, Inc.*, 719 S.W.2d at 219. In 1989, Section 42.08 was amended to eliminate the forfeiture provision for full payment of taxes. TEX.TAX CODE ANN. § 42.08 (Vernon Supp.1991). Under the amended statute, there are three significant provisions: (1) paying the full amount due under the order being appealed from is a specific option which constitutes compliance under Subsection (b); (2) in case there are remaining ambiguities, Subsection (c) now provides that paying an amount greater than required by Subsection (b) does not forfeit the property owner's right to a final determination of the appeal by making the payment; and (3) Subsection (c) as amended provides that if the property owner timely files an appeal under this chapter, taxes paid on the property are considered paid

under protest, even if paid before the appeal is filed.[1]

█ The trial court erred in dismissing the case for two reasons. First, Section 42.08 of the Tax Code is procedural in nature. *Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.*, 732 S.W.2d 717, 719 (Tex.App.–Dallas 1987, no writ). When a procedural statute is amended during pending litigation, all steps occurring after the amendment is effective are governed by the amended statute. *Missouri Pac. R.R. Co. v. Dallas County Appraisal Dist.*, 732 S.W.2d at 720. The current version of the statutory provision eliminates the forfeiture provision for full payment. Second, when Section 42.08 of the Tax Code was amended, the provisions were specifically given retroactive effect. Acts 1989, 71st Leg., Ch. 796, § 49(i), 1989 Tex.Gen. Laws 3606, provided that:

> The change in law made by Section 43 of this Act applies to an appeal under Chapter 42, Tax Code, without regard to whether the appeal was filed or the taxes paid before the effective date of that section.

In *Harston v. Kendall County Appraisal Dist.*, 773 S.W.2d 815 (Tex.App.–San Antonio 1989, no writ), a case with similar facts, the trial court had granted a motion to dismiss because the plaintiff had made full payment of taxes as assessed. The court quoted Section 42.08 as it read in 1987 and 1988 and noted that subsequent to submission of the case on appeal, Section 42.08(c) was amended so that a property owner no longer forfeits his right to final determination of an appeal by making payment. The court went on to say that, furthermore,

> Bill Section 49(i) is a further elaboration of the effective date of Bill Section 43 and provides as follows:
>
> > (i) The change in law made by Section 43 of this Act applies to an appeal under Chapter 42, Tax Code, without regard to whether the appeal was filed or the taxes paid before the effective date of that section.

*Harston v. Kendall County Appraisal Dist.*, 773 S.W.2d at 816. The court further held that, "It was, therefore, not fatal for the appellants to have paid the assessed amount" and reversed the order of dismissal and remanded the case for trial. The trial court erred in granting the Appraisal District's motion to dismiss.

We reverse the trial court's order of dismissal and order the case reinstated.

**1.** TEX.TAX CODE ANN. § 42.08 (Vernon Supp.1991) provides the following:

(a) The pendency of an appeal as provided by this chapter does not affect the delinquency date for the taxes on the property subject to the appeal. However, that delinquency date applies only to the amount of taxes required to be paid under Subsection (b). If the property owner complies with Subsection (b), the delinquency date for any additional amount of taxes due on the property is determined by Section 42.42(c), and that additional amount is not delinquent before that date.

(b) A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year, whichever is greater; or

(2) the amount of taxes due on the property under the order from which the appeal is taken.

(c) A property owner that pays the amount of taxes greater than that required by Subsection (b) does not forfeit the property owner's right to a final determination of the appeal by making the payment. If the property owner files a timely appeal under this chapter, taxes paid on the property are considered paid under protest, even if paid before the appeal is filed.

(d) On the motion of a party, the court shall hold a hearing to review and determine compliance with this section. If the court determines that the property owner has not substantially complied with this section, the court shall dismiss the pending action. If the court determines that the property owner has substantially but not fully complied with this section, the court shall dismiss the pending action unless the property owner fully complies with the court's determination within 30 days of the determination.