**HARRIS COUNTY APPRAISAL
REVIEW BOARD,
Appellant,**

v.

**GENERAL ELECTRIC CORPORATION,
Appellee.**

No. A14–90–01039–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 7, 1991.

Rehearing Denied Dec. 12, 1991.

Kenneth Wall, Houston, for appellant.

Robert J. Myers, San Antonio, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

This is a property tax case. The Harris County Appraisal Review Board (the Board) appeals from a summary judgment granted in favor of General Electric Corporation (G.E.). The sole issue is whether a taxpayer is required to file an additional protest under section 41.411 of the Property Tax Code (the Code) when the Board fails to give the taxpayer a hearing on its original protest filed under section 41.41. Because we find that the Code does not place such a burden on the taxpayer, we affirm.

On June 27, 1986, G.E. filed a timely written notice of protest with the Board protesting the appraised value of certain of its property for ad valorem tax purposes for the tax year 1986. TEX.TAX CODE ANN. § 41.41 (Vernon Supp.1991). The Board failed to schedule or give notice of a hearing nor did it otherwise determine G.E.'s protest as required by the Code. TEX.TAX CODE ANN. §§ 41.45(a), 41.46(a), 41.47(a) (Vernon 1982 & Supp.1991). On September 26, 1986, G.E.'s property was included on the Harris County Appraisal District's (the District) 1986 appraisal roll that was certified to the City of Houston, the Houston Independent School District, and Harris County. Each taxing unit included the property on its 1986 tax roll and sent G.E. a tax bill. In January 1987, G.E. timely paid each bill, by a check, marked "under protest."

By letter dated July 8, 1987, G.E. reminded the District's chief appraiser of the protest of the appraisal and requested a review of its account. A reply from the chief appraiser is not included in the record. By letter dated September 27, 1987, the Board's chairman responded to a letter from G.E. dated September 17. The September 17 letter is also not a part of the record. The Board's chairman advised G.E. that the District failed to process the protest and failed to schedule it for a hearing. He also advised G.E. that section 41.411 of the Code provided G.E. a remedy but that G.E.'s notice of protest filed under 41.411 regarding the Board's failure to give notice was not timely because it was not filed "prior to the date the taxes on the property to which the notice applies became delinquent." TEX.TAX CODE ANN.

§ 41.44(c) (Vernon Supp.1991). Because G.E.'s account had already been certified to the taxing units and because G.E. did not comply with 41.411, the Board's chairman informed G.E. that the Board was without jurisdiction to take further action on G.E.'s account. On January 27, 1988, the Board received a letter from G.E.'s counsel demanding that it grant G.E. a hearing under 41.411. When the Board did not comply, G.E. filed an application for writ of mandamus to compel the District and the Board to give G.E. a hearing pursuant to 41.411.

All parties moved for summary judgment. On September 24, 1990, the trial court signed a final summary judgment. In its judgment, the trial court granted G.E.'s motion for partial summary judgment against the Board and ordered the clerk to issue a writ of mandamus compelling the Board to hear and determine G.E.'s protest pursuant to 41.411. The court denied G.E.'s motion for summary judgment against the District and denied the motion for summary judgment of the District and the Board. Although the District and the Board filed a joint notice of appeal, the District dismissed its appeal and only the Board remains as appellant.

In two points of error, the Board contends the trial court erred in granting G.E.'s motion for summary judgment and in denying the Board's motion for summary judgment.

■ A movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In reviewing the summary judgment proof, a court must take as true evidence favorable to the non-movant, and indulge all inferences and resolve all doubts in the non-movant's favor. *Id.* When both parties move for summary judgment and one such motion was granted and the other denied, the appellate court should determine all questions presented to the trial court, including whether the losing party's motion should have been overruled. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). Each party must carry his or her burden and neither can prevail because of the failure of the other to discharge his or her burden. *Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 941 (Tex.App.—Houston [1st Dist.] 1988, no writ).

■ It is undisputed that G.E. timely filed a notice of protest of the appraisal as required by sections 41.41 and 41.44 of the Code. It is also undisputed that the Board did not schedule a hearing on G.E.'s protest as required by section 41.45(a) and, thus, did not give notice of a hearing to G.E. as required by section 41.46(a). Section 41.411 entitles a taxpayer to file a protest even after the appraisal review board has approved the appraisal records if the taxpayer's complaint is that it did not receive notice from the appraisal district or the appraisal review board. 19 St. Mary's L.J. 278, 294–95 (1987). That section titled "Protest of Failure to Give Notice," provides as follows:

(a) A property owner is entitled to protest before the appraisal review board the failure of the chief appraiser or the appraisal review board to provide or deliver any notice to which the property owner is entitled.

(b) If failure to provide or deliver the notice is established, the appraisal review board shall determine a protest made by the property owner on any other grounds of protest authorized by this title relating to the property to which the notice applies.

(c) A property owner who protests as provided by this section must comply with the payment requirements of Section 42.08 or he forfeits his right to a final determination.

TEX.TAX CODE ANN. § 41.411 (Vernon Supp. 1991).

Even with the failure to provide or deliver notice established, the Board contends that G.E.'s right to a hearing and determination of its protest of the appraised value of its property under 41.411(b) is conditioned upon G.E.'s compliance, not only with the payment requirements of section 42.08, but also with the statutory deadline

of section 41.44(c). Neither 41.411 nor 42.08 refers to 41.44(c).

The Board admits and the record reflects that G.E. complied with the payment requirements of 42.08.[1] The Board contends, however, that G.E. did not comply with 41.44(c), which provides that:

A property owner who files a notice of protest authorized by Section 41.411 is entitled to a hearing and determination of the protest if he files the notice *prior to the date the taxes on the property to which the notice applies becomes delinquent* (emphasis added).

TEX.TAX CODE ANN. § 41.411(c) (Vernon Supp.1991).

With certain exceptions not applicable here, taxes become delinquent "if not paid before February 1 of the year following the year in which imposed." TEX.TAX CODE ANN. § 31.02 (Vernon 1982). The delinquency date for G.E.'s 1986 taxes was February 1, 1987. The Board asserts that the first communication that can be construed as a notice of protest of the Board's failure to give notice is the letter from G.E. to the District dated July 8, 1987, more than five months after the delinquency date. The Board concludes that it is not required to hear and determine G.E.'s protest of the appraised value of its property because G.E. failed to file its notice of protest under 41.411 regarding the Board's failure to give notice before the February 1, 1987, delinquency date. We disagree.

1. Section 42.08 provides in part:

(b) A property owner who appeals as provided by this chapter must pay taxes on the property subject to the appeal in the amount required by this subsection before the delinquency date or the property owner forfeits the right to proceed to a final determination of the appeal. The amount of taxes the property owner must pay on the property before the delinquency date to comply with this subsection is:

(1) the amount of taxes due on the portion of the taxable value of the property that is not in dispute or the amount of taxes imposed on the property in the preceding year whichever is greater;

(c) A property owner that pays the amount of taxes greater than that required by Subsection (b) does not forfeit the property owner's right

G.E. did all that it was required to do under the Code. G.E. timely filed a notice of protest of the appraisal and paid its taxes "under protest" before the delinquency date. TEX.TAX CODE ANN. §§ 41.41, 42.-08. (Vernon Supp.1991). At that point, the Board was obligated to hear and determine G.E.'s protest. TEX.TAX CODE ANN. § 41.-45(a) (Vernon 1982). That the Board failed to give G.E. a notice of hearing and that G.E. may have failed to protest timely does not excuse the Board from its obligation. G.E. had every right to anticipate that the Board would fulfill its statutory duty. With the repeal of subsection (c) of section 41.47 in 1985, the Board is no longer required to determine all protests before it approves the appraisal records and submits them to the chief appraiser, who in turn certifies them to the taxing units. *Repealed* by Acts 1985, 69th Leg., ch. 504, § 3 (effective June 12, 1985).

While 41.44(c) requires a property owner to file a notice of protest authorized by 41.411 before the delinquency date, we cannot see how a property owner will know by that date of the failure of notice simply by its receipt of the tax bills. This is especially true for a property owner who has protested and is awaiting notice of hearing before the appraisal review board. In that instance, an account should not be certified, no tax bills should be sent, and there should be no delinquency date while the matter is pending before the appraisal review board, even if the board takes an extraordinarily long time to determine the

to a final determination of the appeal by making the payment. If the property owner files a timely appeal under this chapter, taxes paid on the property are considered paid under protest, even if paid before the appeal is filed. G.E. paid the full amount of taxes on the property before the delinquency date. At the time the parties moved for summary judgment, the present subsection (c) was in effect. Acts 1989, 71st Leg., ch. 796, § 43 (effective September 1, 1989). That subsection overrules prior caselaw requiring strict compliance with the payment requirements of subsection (b). *Harston v. Kendall County Appraisal Dist.,* 773 S.W.2d 815, 816 (Tex.App.—San Antonio 1989, no writ); *The Resolution Trust Corporation, as Conservator for Sunbelt Federal Savings, FSB v. Williamson County Appraisal Dist.,* 816 S.W.2d 452 (Tex. App.—Texarkana, 1991, n.w.h.).

protest. *See* St. Mary's L.J. 1209, 1231 n. 131 (1987). In the instant case, the Board disregarded G.E.'s timely protest and certified G.E.'s account. Rather than giving G.E. a hearing on its protest, the Board then allowed the delinquency date to pass to see if G.E. not only paid its taxes but also protested notice. The Board argues that it cannot now hear G.E.'s protest of the appraisal, regardless of the merits, because G.E. did not timely protest the Board's failure to perform its statutory duty.

■ By requiring a property owner to pay taxes "under protest" before the delinquency date, section 41.411 (and 42.08) assures that taxing units have an uninterrupted source of income and that taxpayers do not use the administrative and judicial processes to avoid or delay payment of taxes. *See Valero Transmission Co., v. San Marcos Consol. Indep. School Dist.,* 770 S.W.2d 648, 653 (Tex.App.—Austin 1989, writ denied). Section 41.411 could apply to all types of notice. Lack of notice manifests itself "in all shapes and sizes" and is difficult to discover, especially when the burden of complaining of notice falls on the party who is entitled to receive notice, rather than on the party who has the statutory duty to send notice. The Legislature could not possibly have intended that 41.411 only protect taxpayers from a lack of notice that is discovered before the delinquency date. To the extent that 41.411 (and 41.44(c)) requires the property owner who has filed a protest of the appraisal to file an *additional* protest of notice before the delinquency date, we hold that it constitutes an undue procedural limitation on a taxpayer's ability to assert its rights. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 432, 102 S.Ct. 1148, 1155–56, 71 L.Ed.2d 265 (1982); *Bank of America Nat'l Trust & Savings Ass'n v. Dallas Central Appraisal Dist.,* 765 S.W.2d 451, 453–54 (Tex.App.—Dallas 1988, writ denied).

Although the Board is no longer required to determine protests before approving the appraisal records, the Board is not thereby invited to abuse the administrative review process in the assessment of ad valorem taxes. If we were to adopt the Board's position, the appraisal authorities would be free to raise property values to an exorbitant degree, generating a flood of protests, and then fail or refuse to schedule hearings, thus, waiting to determine which over-assessed taxpayers *both* paid their taxes pursuant to 42.08 *and* filed their 41.411 protest before the February 1 delinquency date. In essence, the Board is attempting to deprive a taxpayer of due process with the very statute designed to provide due process.

The sole purpose of 41.411 is to determine whether a property owner failed to receive notice thereby depriving him or her of the right to be heard at the administrative level. That section contemplates a two-stage process in which the Board first holds an evidentiary hearing to determine whether the property owner was not sent or did not receive the required notice. If the Board finds that the property owner was not provided the notice, the Board then must proceed to hear and determine the owner's protest as to value or other dispute. 19 St. Mary's L.J. 279, 293 n. 79 (1987); 18 St. Mary's L.J. 1209, 1230 (1987).

In this case, the Board admitted that it did not schedule, let alone give notice of, a hearing. Hence, there was no need for G.E. to file a 41.411 protest in the first place. However, G.E. was left with no other way of obtaining an administrative order from the Board determining its protest of the appraisal. Tex.Tax Code Ann. § 41.47(a) (Vernon 1982). Without that administrative order, G.E. was also precluded from judicial review in the form of an appeal. Tex.Tax Code Ann. § 42.01(1) (Vernon 1982). G.E. could not have appealed from the September 27 letter from the Board's chairman since it did not comply with the requirements of section 41.47 in that it was not sent by certified mail and it did not contain "a prominently printed statement in upper-case bold lettering informing the property owner in clear and concise language of the property owner's right to appeal," and of the deadline for filing a notice of appeal and a petition for review. Tex.Tax Code Ann. § 41.47(d), (e)

**920**

(Vernon 1982 & Supp.1991). Furthermore, G.E. could not have brought a mandamus pursuant to 41.41 because its account had already been certified to the taxing units. Thus, G.E. appropriately brought a mandamus pursuant to 41.411 which specifically mandates that "if failure to provide or deliver the notice is established" the Board "shall determine a protest made by the property owner on any other grounds." TEX.TAX CODE ANN. § 41.411(b) (Vernon Supp.1991).

 By failing to provide G.E. with a notice of hearing on its protest of the appraisal, the Board levied a tax increase on G.E. without giving G.E. an opportunity to be heard. The rule of due process requires notice of an increase in property value to the taxpayer with an opportunity to be heard before its property may be encumbered by an additional tax lien. *Garza v. Block Distributing Co., Inc.,* 696 S.W.2d 259, 262 (Tex.App.—1985, no writ). In the absence of notice to G.E., the Board never acquired jurisdiction to consider any increase in the value of G.E.'s property. *Id.* Since the Board never acquired jurisdiction over the proposed increase in value, its approval of that increase was a void act and subject to collateral attack. *Id.*

 Finding that G.E. fully complied with the Code, we hold that G.E. was deprived of due process when the Board failed to hear G.E.'s protest. Accordingly, the trial court did not err in granting G.E.'s motion for summary judgment and in denying the Board's motion for summary judgment. We overrule the Board's two points of error and affirm the judgment of the trial court.

J. CURTISS BROWN, Chief Justice, concurring.

I agree with the Court. However, a simple solution presents itself. Despite its failure to set the timely protest for hearing and give G.E. notice thereof the Board claims that G.E. failed to give notice under § 41.44(c):

> A property owner who files a notice of protest authorized by Section 41.411 is entitled to a hearing and determination

of the protest if he files the notice prior to the date the taxes on the property to which the notice applies becomes delinquent.

"* * * *the taxes on the property to which the notice applies" never* became delinquent. The taxes were timely paid under protest. Therefore the notice was timely filed under 41.44(c).