**DENTON CENTRAL APPRAISAL DISTRICT and Denton Appraisal Review Board, Appellants,**

v.

**CIT LEASING CORP., Appellee.**

No. 2–02–404–CV.

Court of Appeals of Texas, Fort Worth.

Aug. 25, 2003.

Law Offices of Robert E. Luna, P.C., Randel B. Gibbs, Shelby C. Reed, Dallas, for Appellant.

Brusniak McCool & Blackwell, P.C., John Brusniak, Jr., G. Walter McCool, Melinda D. Blackwell, Dallas, for Appellee.

PANEL A: CAYCE, C.J., HOLMAN and GARDNER, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

### Introduction

Denton Central Appraisal District and Denton Appraisal Review Board (collectively referred to as "the Appraisal District") appeal the trial court's entry of a no-evidence summary judgment for CIT Leasing Corp. ("CIT"). In five issues, the Appraisal District complains that the trial court erred in granting CIT's no-evidence motion for summary judgment and denying the Appraisal District's motion for

summary judgment. We reverse and render.

## Factual and Procedural Background

CIT is the owner of an airplane that was appraised for taxation by the Appraisal District for the 1998 tax year.[1] In November 1998, the Denton County Tax Office notified CIT that the property had been added to the 1998 appraisal roll and informed CIT of the appraised value of the aircraft, the amount of taxes owed on the property, and the delinquency date for those taxes.

In March 2000, after paying the taxes assessed, CIT filed a notice of protest alleging that the Appraisal District had failed to provide it with notice of the appraised value of the aircraft as required by section 25.19 of the Texas Tax Code ("the Code"). TEX. TAX CODE ANN. § 25.19 (Vernon 2001).[2] CIT also sought an interstate allocation of the 1998 value of the aircraft under section 25.25 of the Code because it had not continually remained at the location indicated on the appraisal roll. *Id.* § 25.25(c). The Denton Appraisal Review Board held a hearing on CIT's notice of protest on March 22, 2000, and determined that the protest was untimely.

CIT then filed suit in the 393rd District Court of Denton County, Texas, to have the aircraft removed from the appraisal roll. CIT filed a no-evidence motion for summary judgment alleging that there was no evidence to show that the Appraisal District had sent it the notice of appraised value required under section 25.19 of the Code. In response, the Appraisal District filed a traditional motion for summary judgment alleging, among other things,

that CIT's failure to exhaust the available administrative remedies provided by the Code preempted it from obtaining judicial review. The trial court granted CIT's motion and denied the Appraisal District's motion. The trial court expressly ruled in its summary judgment that the addition of the property to the 1998 appraisal roll was void and that the Appraisal District had not acquired jurisdiction to appraise or list the property for taxation due to the district's failure to give CIT notice of appraised value. Accordingly, the trial court ordered the Appraisal District to remove the property from its 1998 appraisal roll.

## Standard of Review

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 605 (Tex.2002). The reviewing court should render the judgment that the trial court should have rendered. *Id.*

We will first decide whether the trial court erred in denying the Appraisal District's traditional motion for summary judgment. In a traditional summary judgment case, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.

---

1. This was the first year that the aircraft was placed on the tax appraisal roll.

2. Section 25.19 requires the Appraisal District to provide notice of the appraised value to the property owner by May 15 of the tax year "or as soon thereafter as practicable." *Id.* § 25.19(a). Here, the Appraisal District did not provide the required notice until six months after it was due.

1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *S.W. Elec. Power Co.,* 73 S.W.3d at 215; *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). We must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin,* 589 S.W.2d at 678. When the trial court grants summary judgment on a specific ground, the summary judgment can only be affirmed if the ground on which the trial court granted relief is meritorious. *See Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625–26 (Tex.1996).

**Exhaustion of Administrative Remedies**

■ In its first issue, the Appraisal District contends that the trial court erred in denying the Appraisal District's motion for summary judgment dismissing CIT's suit because CIT did not timely avail itself of the mandatory, exclusive administrative remedies set forth in the Code for protesting lack of notice of appraised value. *See* TEX. TAX CODE ANN. § 41.411.

■ Section 42.09 of the Code specifically states that the "grounds of protest" authorized by the Code are exclusive and may not be raised as a basis for relief in a suit by the property owner. TEX. TAX CODE ANN. § 42.09. Accordingly, judicial review of administrative orders, such as a tax assessment, is not available unless all administrative remedies have been pursued to the fullest extent. *Webb County*

*Appraisal Dist. v. New Laredo Hotel, Inc.,* 792 S.W.2d 952, 954 (Tex.1990); *City of Sherman v. Pub. Util. Comm'n,* 643 S.W.2d 681, 683 (Tex.1983); *Lawler v. Tarrant Appraisal Dist.,* 855 S.W.2d 269, 271 (Tex.App.-Fort Worth 1993, no writ); *Dallas County Appraisal Dist. v. Lal,* 701 S.W.2d 44, 46 (Tex.App.-Dallas 1985, writ ref'd n.r.e); *Brooks v. Bachus,* 661 S.W.2d 288, 290 (Tex.App.-Eastland 1983, writ ref'd n.r.e.).

Section 41.44 sets forth the general requirements for filing a notice of protest. TEX. TAX CODE ANN. § 41.44. To be entitled to a hearing and determination of the protest, a taxpayer must file a written notice of protest with the appraisal review board before June 1, or not later than the thirtieth day after the date that notice was delivered to the property owner, whichever is later. *Id.* § 41.44(a). If the notice of protest is filed after this deadline, but before the appraisal review board approves the appraisal records, the taxpayer may still obtain a hearing if he shows good cause for his failure to file a timely notice. *Id.* § 41.44(b).

Section 41.411 entitles a property owner to protest the Appraisal District's failure to provide or deliver any notice to which the property owner is entitled. *Id.* § 41.411(a). If failure to provide or deliver the notice is established, the appraisal review board then makes a determination on the protest. *Id.* § 41.411(b). To be entitled to a final determination of the protest, however, the property owner must meet two conditions: (1) pay the amount of taxes due on the portion of the taxable value of the property that is not in dispute before the delinquency date; and (2) file the notice of protest "prior to the date the taxes on the property to which the notice applies become delinquent." *Id.* §§ 41.411(c), 41.44(c), 42.08(b). Otherwise, the property owner forfeits his right to

final determination of the protest. *Id.* § 41.411(c).

In the instant case, CIT received a tax assessment in November 1998 indicating the appraisal value of the aircraft and the amount of taxes assessed. According to the tax assessment, the delinquency date for the taxes was April 30, 1999. It is undisputed that CIT paid the taxes due on the aircraft in full before this delinquency date. CIT, however, did not file its notice of protest under section 41.411 until March 21, 2000, more than ten months after the April 30, 1999, delinquency date.

The protest procedure in section 41.411 is CIT's exclusive remedy for contesting the Appraisal District's failure to provide it with notice of the appraised value of the aircraft. Because CIT's notice of protest was not filed prior to the date the taxes would have become delinquent as required by section 41.411, CIT forfeited its right to a final determination of its protest. Thus, the trial court erred in denying the Appraisal District's motion for summary judgment, unless we determine that the trial court correctly determined that the Appraisal District's alleged failure to provide CIT timely notice of the appraised value voided the appraisal or violated CIT's due process rights.

## Jurisdiction

■ CIT argues that it was not required to comply with the Code's protest procedures because the Appraisal District's alleged failure to provide it notice of the appraised value of the property deprived the Appraisal District of jurisdiction and voided the tax appraisal. In support of this argument, CIT relies on *Appraisal Review Board of El Paso County Central Appraisal District v. Fisher,* 88 S.W.3d 807 (Tex.App.-El Paso 2002, pet. denied), and *Inwood Dad's Club, Inc. v. Aldine Independent School District,* 882 S.W.2d 532 (Tex.App.-Houston [1st Dist.] 1994, no writ). Neither case, however, is applicable here. *Fisher* predates the enactment of sections 25.19(d) and 41.411, and *Inwood* involved the question of whether a school district had authority to remove an ad valorem tax exemption.

Although section 25.19 of the Code requires the chief appraiser to deliver a written notice to a property owner of the appraised value of the property if the property was not on the appraisal roll in the preceding year, other related provisions of the Code express a clear legislative intent that the notice is a procedural requirement that does not affect the Appraisal District's jurisdiction. Subsections (a)(3) and (d) expressly provide that the taxpayer's failure to receive notice does not affect the validity of the appraisal or "the imposition of any tax on the basis of the appraisal." TEX. TAX CODE ANN. § 25.19(a)(3), (d); *see also Lal,* 701 S.W.2d at 48. Under subsection (e), notice may be dispensed with "if the amount of increase in appraised value is $1,000 or less." TEX. TAX CODE ANN. § 25.19(e). In addition, section 41.411 expressly grants the appraisal review board jurisdiction to hear taxpayer complaints regarding lack of notice. *Id.* § 41.411. Each of these provisions is evidence that the legislature did not intend that the notice required under section 25.19 be a prerequisite to a taxing district's jurisdiction. Therefore, we hold that the failure to provide notice of appraised value is not jurisdictional and does not render an appraisal void.

## Due Process

■ Additionally, CIT complains that the Appraisal District's failure to provide it with the required notice deprived CIT of due process. Due process affords a party the right to be heard before final assessment of the taxes; it does not detail the

review mechanism. *Lal,* 701 S.W.2d at 47. In cases involving taxation, due process is satisfied if the taxpayer is given an opportunity to be heard before some assessment board at some stage of the proceedings. *Fisher,* 88 S.W.3d at 813; *Tex. Pipeline Co. v. Anderson,* 100 S.W.2d 754, 761–62 (Tex.Civ.App.-Austin, writ ref'd), *cert. denied,* 302 U.S. 724, 58 S.Ct. 45, 82 L.Ed. 559 (1937). Section 41.411 fully provides such an opportunity.

■ The purpose of section 41.411 is to determine whether a property owner failed to receive notice of the tax assessment, thereby depriving it of the right to be heard at the administrative level. *Harris County Appraisal Review Bd. v. Gen. Elec. Corp.,* 819 S.W.2d 915, 919 (Tex.App.-Houston [14th Dist.] 1991, writ denied). Under this section, after the property owner files a notice of protest with the appraisal review board, the board holds an evidentiary hearing to determine whether the property owner was sent or received the required notice. TEX. TAX CODE ANN. § 41.411(b); *Gen. Elec. Corp.,* 819 S.W.2d at 919. If the board determines that the owner was not provided the notice, the board then proceeds to hear and determine the owner's protest as to the appraised value or any other disputes the owner raises. TEX. TAX CODE ANN. § 41.411(c); *Gen. Elec. Corp.,* 819 S.W.2d at 919. If the owner is unsuccessful in his protest to the appraisal review board, the owner can appeal the board's order to the district court. TEX. TAX CODE ANN.

§ 42.01(1)(A). The district court will then review the board's order de novo. *City of Fort Worth v. Pastusek Indus., Inc.,* 48 S.W.3d 366, 370 (Tex.App.-Fort Worth 2001, no pet.); *Lal,* 701 S.W.2d at 45–46. Therefore, section 41.411 gives the property owner the opportunity to be heard at some stage of the administrative proceeding and in the trial court, satisfying due process.

The cases CIT cites in support of its due process argument are inapposite because they were decided prior to the enactment of section 41.411.[3] Before the enactment of section 41.411, the statutory scheme for property tax assessment often did not provide taxpayers with adequate remedies at law. *Lal,* 701 S.W.2d at 47. Thus, the courts developed equitable remedies in order to provide taxpayers with due process protections. *Id.* The addition of section 41.411, however, provided the due process protections absent under prior statutory procedure. TEX. TAX CODE ANN. § 41.411; *Lal,* 701 S.W.2d at 47.

### Conclusion

We hold that CIT's failure to timely protest the Appraisal District's alleged lack of notice precluded CIT from obtaining judicial review of the Appraisal District's 1998 tax assessment for the aircraft. Therefore, the trial court erred in denying the Appraisal District's motion for summary judgment and granting CIT's no-evidence motion. Accordingly, we sustain

---

**3.** *See, e.g., Harris County Appraisal Dist. v. Dincans,* 882 S.W.2d 75, 79 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (holding that, under the law as it existed at the time, the taxpayer was not required to exhaust administrative remedies because it did not receive notice of appraised value); *Gen. Elec. Corp.,* 819 S.W.2d at 920 (holding that appraisal district never acquired jurisdiction over the increase in value of the property where taxpayer filed a chapter 41 protest);

*Bank of Am. Nat'l Trust & Sav. Ass'n v. Dallas Cent. Appraisal Dist.,* 765 S.W.2d 451, 454 (Tex.App.-Dallas 1988, writ denied) (holding that, under the law as it existed at the time, the appellant was denied procedural due process); *New v. Dallas Appraisal Review Bd.,* 734 S.W.2d 712, 716 (Tex.App.-Dallas 1987, writ denied) (holding that an appraisal district must deliver notice of appraised value before it obtains jurisdiction to increase a value).

the Appraisal District's first issue, reverse the trial court's judgment, and render judgment for the Appraisal District.[4]

4. The trial court granted CIT's no-evidence motion for summary judgment on the ground that the appraisal review board lacked jurisdiction. In light of our holdings that the appraisal review board did not lack jurisdiction over CIT and that CIT was not denied due process, we need not address the remaining issues in this case. *See Cates,* 927 S.W.2d at 625–26 (holding that summary judgment can only be affirmed if the ground on which the trial court granted relief is meritorious).