COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-404-CV
 
DENTON CENTRAL APPRAISAL       
           
           
           
       APPELLANTS
DISTRICT AND DENTON APPRAISAL
REVIEW BOARD
V.
CIT LEASING CORP.           
           
           
           
           
        APPELLEE
------------
FROM THE 393
RD DISTRICT COURT OF DENTON
COUNTY
------------
OPINION
------------
Introduction
Denton Central Appraisal District and
Denton Appraisal Review Board (collectively referred to as "the Appraisal
District") appeal the trial court's entry of a no-evidence summary judgment
for CIT Leasing Corp. ("CIT"). In five issues, the Appraisal District
complains that the trial court erred in granting CIT's no-evidence motion for
summary judgment and denying the Appraisal District's motion for summary
judgment. We reverse and render.
Factual and Procedural
Background
CIT is the owner of an airplane that was
appraised for taxation by the Appraisal District for the 1998 tax year.(1)
In November 1998, the Denton County Tax Office notified CIT that the property
had been added to the 1998 appraisal roll and informed CIT of the appraised
value of the aircraft, the amount of taxes owed on the property, and the
delinquency date for those taxes.
In March 2000, after paying the taxes
assessed, CIT filed a notice of protest alleging that the Appraisal District had
failed to provide it with notice of the appraised value of the aircraft as
required by section 25.19 of the Texas Tax Code ("the Code"). Tex. Tax
Code Ann. § 25.19 (Vernon 2001).(2) CIT also
sought an interstate allocation of the 1998 value of the aircraft under section
25.25 of the Code because it had not continually remained at the location
indicated on the appraisal roll. Id. § 25.25(c). The Denton Appraisal
Review Board held a hearing on CIT's notice of protest on March 22, 2000, and
determined that the protest was untimely.
CIT then filed suit in the 393rd
District Court of Denton County, Texas, to have the aircraft removed from the
appraisal roll. CIT filed a no-evidence motion for summary judgment alleging
that there was no evidence to show that the Appraisal District had sent it the
notice of appraised value required under section 25.19 of the Code. In response,
the Appraisal District filed a traditional motion for summary judgment alleging,
among other things, that CIT's failure to exhaust the available administrative
remedies provided by the Code preempted it from obtaining judicial review. The
trial court granted CIT's motion and denied the Appraisal District's motion. The
trial court expressly ruled in its summary judgment that the addition of the
property to the 1998 appraisal roll was void and that the Appraisal District had
not acquired jurisdiction to appraise or list the property for taxation due to
the district's failure to give CIT notice of appraised value. Accordingly, the
trial court ordered the Appraisal District to remove the property from its 1998
appraisal roll.
Standard of Review
When both parties move for summary
judgment and the trial court grants one motion and denies the other, the
reviewing court should review both parties' summary judgment evidence and
determine all questions presented. Dow Chem. Corp. v. Bright, 89 S.W.3d
602, 605 (Tex. 2002). The reviewing court should render the judgment that the
trial court should have rendered. Id.
We will first decide whether the trial
court erred in denying the Appraisal District's traditional motion for summary
judgment. In a traditional summary judgment case, the issue on appeal is whether
the movant met its summary judgment burden by establishing that no genuine issue
of material fact exists and that the movant is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c); S.W. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant. S.W. Elec. Power Co., 73 S.W.3d at 215; Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Great Am. Reserve Ins.
Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). We
must view the evidence and its reasonable inferences in the light most favorable
to the nonmovant. Great Am., 391 S.W.2d at 47. The summary judgment
will be affirmed only if the record establishes that the movant has conclusively
proved all essential elements of the movant's cause of action or defense as a
matter of law. Clear Creek Basin, 589 S.W.2d at 678. When the trial
court grants summary judgment on a specific ground, the summary judgment can
only be affirmed if the ground on which the trial court granted relief is
meritorious. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623,
625-26 (Tex. 1996).
Exhaustion of
Administrative Remedies
In its first issue, the Appraisal District
contends that the trial court erred in denying the Appraisal District's motion
for summary judgment dismissing CIT's suit because CIT did not timely avail
itself of the mandatory, exclusive administrative remedies set forth in the Code
for protesting lack of notice of appraised value. See Tex. Tax Code
Ann. § 41.411.
Section 42.09 of the Code specifically
states that the "grounds of protest" authorized by the Code are
exclusive and may not be raised as a basis for relief in a suit by the property
owner. Tex. Tax Code Ann. § 42.09. Accordingly, judicial review of
administrative orders, such as a tax assessment, is not available unless all
administrative remedies have been pursued to the fullest extent. Webb County
Appraisal Dist. v. New Laredo Hotel, Inc., 792 S.W.2d 952, 954 (Tex. 1990);
City of Sherman v. Pub. Util. Comm'n, 643 S.W.2d 681, 683 (Tex. 1983); Lawler
v. Tarrant Appraisal Dist., 855 S.W.2d 269, 271 (Tex. App.--Fort Worth
1993, no writ); Dallas County Appraisal Dist. v. Lal, 701 S.W.2d 44, 46
(Tex. App.--Dallas 1985, writ ref'd n.r.e); Brooks v. Bachus, 661
S.W.2d 288, 290 (Tex. App.--Eastland 1983, writ ref'd n.r.e.).
Section 41.44 sets forth the general
requirements for filing a notice of protest. Tex. Tax Code Ann. § 41.44. To be
entitled to a hearing and determination of the protest, a taxpayer must file a
written notice of protest with the appraisal review board before June 1, or not
later than the thirtieth day after the date that notice was delivered to the
property owner, whichever is later. Id. § 41.44(a). If the notice of
protest is filed after this deadline, but before the appraisal review board
approves the appraisal records, the taxpayer may still obtain a hearing if he
shows good cause for his failure to file a timely notice. Id. §
41.44(b).
Section 41.411 entitles a property owner
to protest the Appraisal District's failure to provide or deliver any notice to
which the property owner is entitled. Id. § 41.411(a). If failure to
provide or deliver the notice is established, the appraisal review board then
makes a determination on the protest. Id. § 41.411(b). To be entitled
to a final determination of the protest, however, the property owner must meet
two conditions: (1) pay the amount of taxes due on the portion of the taxable
value of the property that is not in dispute before the delinquency date; and
(2) file the notice of protest "prior to the date the taxes on the property
to which the notice applies become delinquent." Id. §§
41.411(c), 41.44(c), 42.08(b). Otherwise, the property owner forfeits his right
to final determination of the protest. Id. § 41.411(c).
In the instant case, CIT received a tax
assessment in November 1998 indicating the appraisal value of the aircraft and
the amount of taxes assessed. According to the tax assessment, the delinquency
date for the taxes was April 30, 1999. It is undisputed that CIT paid the taxes
due on the aircraft in full before this delinquency date. CIT, however, did not
file its notice of protest under section 41.411 until March 21, 2000, more than
ten months after the April 30, 1999, delinquency date.
The protest procedure in section 41.411 is
CIT's exclusive remedy for contesting the Appraisal District's failure to
provide it with notice of the appraised value of the aircraft. Because CIT's
notice of protest was not filed prior to the date the taxes would have become
delinquent as required by section 41.411, CIT forfeited its right to a final
determination of its protest. Thus, the trial court erred in denying the
Appraisal District's motion for summary judgment, unless we determine that the
trial court correctly determined that the Appraisal District's alleged failure
to provide CIT timely notice of the appraised value voided the appraisal or
violated CIT's due process rights.
Jurisdiction
CIT argues that it was not required to
comply with the Code's protest procedures because the Appraisal District's
alleged failure to provide it notice of the appraised value of the property
deprived the Appraisal District of jurisdiction and voided the tax appraisal. In
support of this argument, CIT relies on Appraisal Review Board of El Paso
County Central Appraisal District v. Fisher, 88 S.W.3d 807 (Tex. App.--El
Paso 2002, pet. denied), and Inwood Dad's Club, Inc. v. Aldine Independent
School District, 882 S.W.2d 532 (Tex. App.--Houston [1st Dist.]
1994, no writ). Neither case, however, is applicable here. Fisher
predates the enactment of sections 25.19(d) and 41.411, and Inwood
involved the question of whether a school district had authority to remove an ad
valorem tax exemption.
Although section 25.19 of the Code
requires the chief appraiser to deliver a written notice to a property owner of
the appraised value of the property if the property was not on the appraisal
roll in the preceding year, other related provisions of the Code express a clear
legislative intent that the notice is a procedural requirement that does not
affect the Appraisal District's jurisdiction. Subsections (a)(3) and (d)
expressly provide that the taxpayer's failure to receive notice does not affect
the validity of the appraisal or "the imposition of any tax on the basis of
the appraisal." Tex. Tax Code Ann. § 25.19(a)(3), (d); see also Lal,
701 S.W.2d at 48. Under subsection (e), notice may be dispensed with "if
the amount of increase in appraised value is $1,000 or less." Tex. Tax Code
Ann. § 25.19(e). In addition, section 41.411 expressly grants the appraisal
review board jurisdiction to hear taxpayer complaints regarding lack of notice. Id.
§ 41.411. Each of these provisions is evidence that the legislature did not
intend that the notice required under section 25.19 be a prerequisite to a
taxing district's jurisdiction. Therefore, we hold that the failure to provide
notice of appraised value is not jurisdictional and does not render an appraisal
void.
Due Process
Additionally, CIT complains that the
Appraisal District's failure to provide it with the required notice deprived CIT
of due process. Due process affords a party the right to be heard before final
assessment of the taxes; it does not detail the review mechanism. Lal,
701 S.W.2d at 47. In cases involving taxation, due process is satisfied if the
taxpayer is given an opportunity to be heard before some assessment board at
some stage of the proceedings. Fisher, 88 S.W.3d at 813; Tex.
Pipeline Co. v. Anderson, 100 S.W.2d 754, 761-62 (Tex. Civ. App.--Austin,
writ ref'd), cert. denied, 302 U.S. 724 (1937). Section 41.411 fully
provides such an opportunity.
The purpose of section 41.411 is to
determine whether a property owner failed to receive notice of the tax
assessment, thereby depriving it of the right to be heard at the administrative
level. Harris County Appraisal Review Bd. v. Gen. Elec. Corp., 819
S.W.2d 915, 919 (Tex. App.--Houston [14th Dist.] 1991, writ denied).
Under this section, after the property owner files a notice of protest with the
appraisal review board, the board holds an evidentiary hearing to determine
whether the property owner was sent or received the required notice. Tex. Tax
Code Ann. § 41.411(b); Gen. Elec. Corp., 819 S.W.2d at 919. If the
board determines that the owner was not provided the notice, the board then
proceeds to hear and determine the owner's protest as to the appraised value or
any other disputes the owner raises. Tex. Tax Code Ann. § 41.411(c); Gen.
Elec. Corp., 819 S.W.2d at 919. If the owner is unsuccessful in his protest
to the appraisal review board, the owner can appeal the board's order to the
district court. Tex. Tax Code Ann. § 42.01(1)(A). The district court will then
review the board's order de novo. City of Fort Worth v. Pastusek Indus.,
Inc., 48 S.W.3d 366, 370 (Tex. App.--Fort Worth 2001, no pet.); Lal,
701 S.W.2d at 45-46. Therefore, section 41.411 gives the property owner the
opportunity to be heard at some stage of the administrative proceeding and in
the trial court, satisfying due process.
The cases CIT cites in support of its due
process argument are inapposite because they were decided prior to the enactment
of section 41.411.(3) Before the enactment of
section 41.411, the statutory scheme for property tax assessment often did not
provide taxpayers with adequate remedies at law. Lal, 701 S.W.2d at 47.
Thus, the courts developed equitable remedies in order to provide taxpayers with
due process protections. Id. The addition of section 41.411, however,
provided the due process protections absent under prior statutory procedure.
Tex. Tax Code Ann. § 41.411; Lal, 701 S.W.2d at 47.
Conclusion
We hold that CIT's failure to timely
protest the Appraisal District's alleged lack of notice precluded CIT from
obtaining judicial review of the Appraisal District's 1998 tax assessment for
the aircraft. Therefore, the trial court erred in denying the Appraisal
District's motion for summary judgment and granting CIT's no-evidence motion.
Accordingly, we sustain the Appraisal District's first issue, reverse the trial
court's judgment, and render judgment for the Appraisal District.(4)
 
                                                                       
JOHN CAYCE
                                                                       
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; HOLMAN and GARDNER,
JJ.
DELIVERED: August 25, 2003

1. This was the first year that the aircraft was placed on
the tax appraisal roll.
2. Section 25.19 requires the Appraisal District to
provide notice of the appraised value to the property owner by May 15 of the tax
year "or as soon thereafter as practicable." Id. § 25.19(a).
Here, the Appraisal District did not provide the required notice until six
months after it was due.
3. See, e.g., Harris County Appraisal Dist.
v. Dincans, 882 S.W.2d 75, 79 (Tex. App.--Houston [14th Dist.]
1994, writ denied) (holding that, under the law as it existed at the time, the
taxpayer was not required to exhaust administrative remedies because it did not
receive notice of appraised value); Gen. Elec. Corp., 819 S.W.2d at 920
(holding that appraisal district never acquired jurisdiction over the increase
in value of the property where taxpayer filed a chapter 41 protest); Bank of
Am. Nat'l Trust & Sav. Ass'n v. Dallas Cent. Appraisal Dist., 765
S.W.2d 451, 454 (Tex. App.--Dallas 1988, writ denied) (holding that, under the
law as it existed at the time, the appellant was denied procedural due process);
New v. Dallas Appraisal Review Bd., 734 S.W.2d 712, 716 (Tex.
App.--Dallas 1987, writ denied) (holding that an appraisal district must deliver
notice of appraised value before it obtains jurisdiction to increase a value).
4. The trial court granted CIT's no-evidence motion for
summary judgment on the ground that the appraisal review board lacked
jurisdiction. In light of our holdings that the appraisal review board did not
lack jurisdiction over CIT and that CIT was not denied due process, we need not
address the remaining issues in this case. See Cates, 927 S.W.2d at
625-26 (holding that summary judgment can only be affirmed if the ground on
which the trial court granted relief is meritorious).