In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00197-CV
_____

IN THE ESTATE OF JOYCE SIMPSON BURRIS

On Appeal from the County Court at Law
Polk County, Texas
Trial Cause No. 08346-A

MEMORANDUM OPINION

Joe Burris, III ("Joe"), the son of Joyce Simpson Burris ("Joyce"), sued James Randall Burris ("James"), Joyce's other son, attorney in fact and the independent executor of her estate, for breach of fiduciary duty, money had and received, conversion, declaratory judgment, and constructive fraud. James filed a motion for partial summary judgment on grounds that Joe's declaratory judgment claim failed as a matter of law and is barred by the statute of limitations. James also filed a motion to sever Joe's declaratory judgment claim, which the trial court granted. The trial court granted James's summary judgment motion and rendered

1

judgment in favor of James. In a single appellate issue, Joe challenges the trial court's summary judgment ruling. We affirm the trial court's judgment.

Background

Joseph Burris, Jr. ("Joseph") died in 2000, leaving a will that named Joyce as his sole heir. Michael Burris ("Michael"), individually, and Janet Palmer ("Janet"), individually and as executor of Joseph's estate, subsequently sued James and Joyce to establish ownership of a 23.43-acre tract of land and seeking partition of the property. The property was ordered to be sold and James was given a right of first refusal. Joyce deeded her interest to James in 2001. James purchased Janet's interest in 2001 and Michael's interest in 2002. According to James, Janet knew that Joyce had previously conveyed her interest to James. In his affidavit, James stated the property is fenced with a locked gate, no other party has access to the property, he has had the "sole and exclusive use and enjoyment of the land and improvements thereon since February of 2002[,]" and he has paid taxes on the property since 2002.

In June 2010, Joe filed a notice of *lis pendens* on the property. In his petition, Joe argued that (1) the property was Joseph's separate property, (2) at the time of Joseph's death, the property became an asset of his estate, and (3) Joyce lacked an ownership interest in the property when she conveyed the property to

2

James. Joe sought a declaration that Joyce's deed to James was void on grounds that she lacked legal title to the land and James failed to pay the requisite consideration.

In his motion for summary judgment, James argued that when Joseph died, title to the property vested in Joyce, Joseph's sole beneficiary. According to James, Joyce was the equitable owner of all estate property at the time of Joseph's death and that, at the time of the partition judgment, Joyce owned an equitable 2/5th interest in the property, which she could transfer to James. James further argued that "consideration is not necessary to the validity of a deed conveying Texas land." Finally, James contended that he adversely possessed the property and that Joe filed his lawsuit outside the applicable statute of limitations. In the order granting summary judgment, the trial court denied Joe's declaratory judgment claim seeking to declare the deed from Joyce to James void.

Capacity to Sue

We first address James's contention that Joe lacks standing to bring this appeal. "Certain individuals are afforded the capacity to bring a claim on an estate's behalf." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 850 (Tex. 2005). The Texas Supreme Court has recognized circumstances under which an heir may be entitled to sue on behalf of a decedent's estate. *Id*.

Whether an heir may sue on behalf of the estate is a question of capacity to sue, not a question of standing. *Id.* at 851 n.3; *Smith v. McDaniel*, No. 12-12-00165-CV, 2013 Tex. App. LEXIS 11769, at \*\*6-7 (Tex. App.—Tyler Sept. 18, 2013, no pet.) (mem. op.). Unlike standing, which may be raised at any time, a challenge to a party's capacity to sue must be raised by a verified pleading in the trial court. *Lovato*, 171 S.W.3d at 849; Tex. R. Civ. P. 93(1)-(2). The record does not indicate that James filed a verified denial challenging Joe's capacity to sue, nor does the record indicate that James otherwise presented the issue to the trial court. Accordingly, James failed to preserve for appeal any complaint challenging Joe's capacity to sue. *See Smith*, 2013 Tex. App. LEXIS 11769, at \*7.

Summary Judgment

We review a trial court's ruling on a traditional summary judgment motion *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam). We view the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the motion. *Id.* at 756. When, as in this case, the trial court grants summary judgment on a specific

4

ground, the judgment can only be affirmed if that ground is meritorious. *Denton Cent. Appraisal Dist. v. CIT Leasing Corp.*, 115 S.W.3d 261, 264 (Tex. App.—Fort Worth 2003, pet. denied).

We first address Joe's contention that the deed was void because, according to Joe, Joyce merely held an equitable interest in the property and could not convey legal title to James. Upon a person's death, title to the decedent's property vests immediately in the decedent's heirs or devisees. *Armes v. Thompson*, 222 S.W.3d 79, 83 (Tex. App.—Eastland 2006, no pet.); *see* Act of June 1, 1981, 67th Leg., R.S., ch. 674 §3, 1981 Tex. Gen. Laws 2536, 2537 (repealed 2009) (current version at Tex. Est. Code Ann. § 101.001(a) (West 2014)). The heir's title, however, is "subject to the decedent's debts; and the personal representative retains legal title, possession, and control for the purpose of administering the estate." *Armes*, 222 S.W.3d at 83; *see* Act of June 1, 1981, 67th Leg., R.S., ch. 674 §3, 1981 Tex. Gen. Laws 2536, 2537 (repealed 2009) (current version at Tex. Est. Code Ann. § 101.051(a) (West 2014)). "Until the administrator pays all debts owed by the estate and distributes the property, the beneficiaries do not actually hold legal title to the property." *Woodward v. Jaster*, 933 S.W.2d 777, 781 (Tex. App.—Austin 1996, no pet.). Accordingly, equitable title to the property vested in Joyce immediately upon Joseph's death and Janet, the executor of Joseph's estate,

retained legal title to the property. *See Armes*, 222 S.W.3d at 83; *see also Woodward*, 933 S.W.2d at 781; 1981 Tex. Gen. Laws 2536, 2537.

"A deed is void when it is executed by a person wholly without authority to do so." *Citizens State Bank v. Caney Invs.*, 733 S.W.2d 581, 586 (Tex. App.—Houston [1st Dist.] 1987), *rev'd on other grounds by* 746 S.W.2d 477 (Tex. 1988). "[A]n equitable title is an enforceable right to have legal title transferred to the holder of the equity." *Neeley v. Intercity Mgmt. Corp.*, 623 S.W.2d 942, 950-51 (Tex. App.—Houston [1st Dist.] 1981, no pet.). Under the law applicable to this case, the Texas Probate Code provided, in pertinent part, that:

> A person entitled to receive property or an interest in property from a decedent under a will . . . and who does not disclaim the property . . . may assign the property or interest in property to any person.

Act of May 17, 1985, 69th Leg., R.S., ch. 880, 1985 Tex. Gen. Laws 3003 (repealed 2009) (current version at Tex. Est. Code Ann. § 122.201 (West 2014)). Thus, "a beneficiary can designate recipients of the property." *Ritter v. Till*, 230 S.W.3d 197, 202 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, as a person entitled to receive property or an interest in property under Joseph's will, Joyce was not wholly without authority to convey her interest to James.

We next address Joe's argument that the deed is void because James did not pay the required purchase price. The partition judgment gave a 1/5th interest each

6

to Michael, Janet, and James and 2/5th to Joyce. The judgment gave James the option to purchase the property for $395,000, which valued each fifth at $79,000. On appeal, Joe maintains that James was required to pay Joyce $158,000 for her 2/5th interest in the property, but that he failed to do so. However, a mere lack of consideration is insufficient to void an executed deed. *Silvio v. Boggan*, No. 01-10-00081-CV, 2012 Tex. App. LEXIS 1326, at *8 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, pet. denied) (mem. op.); *Uriarte v. Petro*, 606 S.W.2d 22, 24 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). "Lack of consideration does not prevent a deed from conveying title[.]" *Bovey v. Coffey*, No. 09-11-00445-CV, 2012 Tex. App. LEXIS 3247, at *10 (Tex. App.—Beaumont Apr. 26, 2012, no pet.) (mem. op.). Accordingly, we conclude that the trial court properly refused to declare the deed void and properly granted James's motion for summary judgment. *See Denton Cent. Appraisal Dist.*, 115 S.W.3d at 264. We overrule Joe's sole issue and affirm the trial court's summary judgment order denying Joe's declaratory judgment claim.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 3, 2014
Opinion Delivered January 15, 2015

Before McKeithen, C.J., Kreger and Johnson, JJ.

7