Opinion issued May 10, 2007 




 








In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00783-CV






HARRIS COUNTY APPRAISAL DISTRICT, HARRIS COUNTY REVIEW
BOARD, CITY OF LA PORTE, LA PORTE INDEPENDENT SCHOOL
DISTRICT, HARRIS COUNTY, HARRIS COUNTY EDUCATION
DEPARTMENT, PORT OF HOUSTON AUTHORITY OF HARRIS
COUNTY, HARRIS COUNTY FLOOD CONTROL DISTRICT, HARRIS
COUNTY HOSPITAL DISTRICT, and SAN JACINTO COMMUNITY
COLLEGE DISTRICT, Appellants


V.


BLUE FLASH EXPRESS, L.L.C., Appellee






On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 2003-50513






MEMORANDUM OPINION

 Appellants City of La Porte, La Porte Independent School District, Harris
County, Harris County Education Department, Port of Houston Authority of Harris
County, Harris County Flood Control District, Harris County Hospital District, San
Jacinto Community College District ("the Taxing Entities") appeal the trial court's
granting of summary judgment in favor of appellee, Blue Flash Express, L.L.C.
("Blue Flash") on the Taxing Entities' suit to collect delinquent taxes owed by Blue
Flash. Appellants Harris County Appraisal District and Harris County Review Board
("the District and Board") appeal the trial court's denial of their motion for partial
summary judgment and the granting of Blue Flash's cross-motion for summary
judgment on Blue Flash's third-party claims against the District and Board to set
aside an appraisal. We determine (1) whether the trial court erred by denying the
District and Board's motion for partial summary judgment and by granting Blue
Flash's motion for summary judgment because Blue Flash's failure to comply with
the administrative review procedures of the Property Tax Code deprived the trial
court of jurisdiction over Blue Flash's claims against the District and Board and (2)
whether the trial court erred by granting Blue Flash's motion for summary judgment
in the Taxing Entities' delinquent tax suit because the trial court was deprived of
jurisdiction to consider Blue Flash's affirmative defenses protesting its property's
inclusion on the appraisal records. We reverse the judgment of the trial court, we
render judgment in part, and we remand the cause. (1)

Background


 In March 2002, Blue Flash, a trucking company with a facility in Harris
County, Texas, filed a rendition with the District listing its business personal property
for taxation. Blue Flash listed a total of 67 vehicles, which included both vehicles that
it had owned and vehicles that it had leased. The District listed the vehicles under
two accounts: account number 0595563, which included the 33 vehicles that Blue
Flash owned, and 0950209, which included the 34 vehicles that Blue Flash leased. 
On January 1, 2003, Blue Flash paid the taxes on account number 0595563 (the
owned vehicles), but not on account number 0950209 (the leased vehicles). 

 In July 2003, Blue Flash filed with the Board a correction motion under section
25.25 of the Texas Property Tax Code to correct account number 0595563 ("the
account number 0595563 correction motion") for the 2001 and 2002 tax years. The
account number 0595563 correction motion alleged that the property had been over-appraised by more than one third for both of these years. The Board issued an order
granting Blue Flash's account number 0595563 correction motion, decreasing the
appraised value of the property from $409,400 to $189,390 to reflect interstate
allocations. 

 In May of 2003, Blue Flash received a 2002 tax statement for account number
0950209 (the leased vehicles). On September 5, 2003, the City of La Porte and La
Porte Independent School District filed a suit to collect delinquent taxes against Blue
Flash, alleging that taxes were due to them for tax year 2002 on account number
0950209. Harris County, Harris County Education Department, Port of Houston
Authority of Harris County, Harris County Flood Control District, Harris County
Hospital District, and San Jacinto Community College District intervened in the City
of La Porte and La Porte Independent School District's delinquent tax suit against
Blue Flash, each seeking to collect delinquent taxes for the tax year 2002. 

 On September 26, 2003, after the delinquency date for the 2002 taxes, (2) Blue
Flash filed a correction motion under section 25.25 of the Texas Property Tax Code
with the Board to correct account number 0950209 ("the account number 0950209
correction motion") for tax years 2002 and 2003. The account number 0950209
correction motion alleged that Blue Flash was seeking a correction because its
property was over-appraised by more than one-third, explaining, "These are leased
vehicles that are used about 1/2 [of the] time out of state & need to be prorated for
time/use in Texas." That motion also requested that the Board schedule a hearing to
decide whether to correct the alleged error in the appraisal roll. On November 7,
2003, the Board issued a notice denying Blue Flash's account number 0950209
correction motion for the 2002 tax year because neither the Board nor the District had
the legal authority to change the appraisal roll upon a motion filed after the
delinquency date for the 2002 tax year. (3) However, in a separate notice dated
November 20, 2003, the Board granted Blue Flash's account number 0950209
correction motion for the 2003 tax year. (4) 

 On May 10, 2004, Blue Flash filed its third-party petition against the District
and Board in the Taxing Entities' collection suit, alleging that it had been denied due
process of rights because the District and Board had failed to provide it proper notice
of account number 0950209 under section 25.19 of the Texas Property Tax Code, that
the District and Board had over-appraised its property and were attempting to assess
value and to tax property improperly, and that the District and Board were aware of
errors, but refused to correct them. Blue Flash alleged that it was entitled to a
mandatory injunction compelling the District and Board to correct the 2002 appraisal
roll to reflect the proper appraised value of its property and to refund to Blue Flash
any excess taxes paid. On October 28, 2005, Blue Flash amended its answer and
third-party petition, alleging that (1) account number 0950209 was a duplicate
account and that Blue Flash had been unlawfully double taxed on the same property;
(2) Blue Flash had not received proper or valid notice of appraised value in
compliance with section 25.19 of the Texas Property Tax Code; (3) the values for
Blue Flash's personal property were excessive because it was entitled to a partial
exemption; (4) Blue Flash was wrongly denied an opportunity to comply with the
administrative review procedures of the Texas Property Tax Code; and (5) Blue Flash
was wrongly denied the allocations ordered by the Board for the property on account
number 0950209.

 

 The District and Board filed their motion for partial summary judgment on the
grounds that Blue Flash had not exhausted its administrative remedies and, therefore,
the trial court lacked jurisdiction over Blue Flash's declaratory judgment cause of
action against them. The trial court denied the District and Board's motion for partial
summary judgment in an order dated April 10, 2006, reciting that the trial court had
jurisdiction and that material issues of fact existed. Blue Flash filed its motion for
summary judgment on the Taxing Entities' collection causes of action and its
declaratory cause of action against the District and Board. (5) In its motion for summary
judgment, Blue Flash asserted that (1) it was excused from having to exhaust
administrative remedies before seeking judicial review because the District and Board
acted outside of their statutory authority and took actions that amounted to a
deprivation of property and a violation of Blue Flash's due process rights and (2) the
appraisal roll was defective because Blue Flash was double taxed or entitled to a
partial exemption. On May 30, 2006, the trial court granted Blue Flash's motion for
summary judgment, ordering that the District remove "duplicate" account number
0950209 from the appraisal roll for the year 2002 and that the Taxing Entities refund
all payments on account number 0950209 for the 2002 tax year. The trial court's
final judgment also included a recital that the Taxing Entities take nothing from Blue
Flash as to their claim for taxes, penalty, interest, and attorney's fees on account
number 0950209 for the tax year 2002. 

The District and Board's Appeal

 In their issues one and two, the District and Board argue that the trial court
erred by denying their motion for partial summary judgment and by granting Blue
Flash's motion for summary judgment because Blue Flash's failure to comply with
the administrative review procedures of the Texas Property Tax Code deprived the
trial court of jurisdiction. (6)A. Standard of Review and the Law 

 A motion for summary judgment may raise a challenge to a trial court's
subject-matter jurisdiction. City of Hedwig Vill. Planning & Zoning Comm'n v.
Howeth Invs., Inc., 73 S.W.3d 389, 391 (Tex. App.--Houston [1st Dist.] 2002, no
pet.). A plaintiff bears the burden of alleging facts affirmatively showing that a trial
court has subject-matter jurisdiction. Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 236 (Tex. 2004); see Bland ISD v. Blue, 34 S.W.3d 547, 554 (Tex.
2000); Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
A court should take the plaintiff's allegations to be true and construe all inferences
in favor of jurisdiction. Tex. Ass'n of Bus., 852 S.W.2d at 446. The question of
whether a trial court has subject-matter jurisdiction over a claim is one of law, and we
thus review it de novo. See Miranda, 133 S.W.3d at 226.

 If an agency has exclusive jurisdiction to determine a matter, a litigant's failure
to exhaust all administrative remedies before seeking judicial review of the
administrative body's actions deprives the court of subject-matter jurisdiction over
claims within the body's exclusive jurisdiction, and the court must generally dismiss
such claims without prejudice. Tex. Gov't Code Ann. § 2001.171 (Vernon 2000);
Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002);
see Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2006) ("statutory prerequisites
to suit, including the provision of notice, are jurisdictional requirements in all suits
against a governmental entity."). Taxing authorities have exclusive jurisdiction over
tax disputes, and taxpayers must therefore exhaust their administrative remedies
before seeking judicial review. See Gen. Elec. Credit Corp. v. Midland Cent.
Appraisal Dist., 826 S.W.2d 124, 125 (Tex. 1991) (recognizing that taxpayer is
required to exhaust administrative procedures before challenging tax assessment);
Webb County Appraisal Dist. v. New Laredo Hotel, 792 S.W.2d 952, 954-55 (Tex.
1990) (holding that taxpayer who failed to appear at administrative protest hearing
was deemed to have failed to exhaust his administrative remedies, thus depriving
district court of its jurisdiction to hear case); ABT Galveston Ltd. P'ship v. Galveston
Cent. Appraisal Dist., 137 S.W.3d 146, 157-58 (Tex. App.--Houston [1st Dist.]
2004, no pet.) (stating that taxpayer who did not timely file protest was deemed to
have failed diligently to pursue or to exhaust its administrative remedies under Texas
Property Tax Code, thus depriving district court of jurisdiction to hear claim); Dallas
County Appraisal Dist. v. Lal, 701 S.W.2d 44, 46-47 (Tex. App.--Dallas 1985, writ
ref'd n.r.e.) (holding that taxpayer's suit challenging excessive property tax valuation
be dismissed for lack of jurisdiction because taxpayer failed to exhaust administrative
remedies); see also Tex. Tax Code Ann. § 42.09(a) (Vernon 2001) (stating that
remedies set forth in Texas Property Tax Code are exclusive except as provided by
subsection (b) of section 42.09). 

 An aggrieved party is excused from exhausting its administrative remedies
under certain circumstances: (1) an administrative agency purports to act outside its
statutory powers; (2) the issue presented is purely a question of law; (3) certain
constitutional issues are involved; (4) the administrative remedies are inadequate, and
the exhaustion of administrative remedies would cause irreparable injury; and (5)
failure to provide the taxpayers notice of the appraised property's value deprives the
taxing authority of jurisdiction and voids the appraisal. See Gibson v. Waco Indep.
Sch. Dist., 971 S.W.2d 199, 200-03 (Tex. App.--Waco 1998) (enumerating the
exceptions), vacated on other grounds, 22 S.W.3d 849 (Tex. 2000); see also
Strayhorn v. Lexington Ins. Co., 128 S.W.3d 772, 780 (Tex. App.--Austin 2004),
affirmed, 209 S.W.3d 83 (Tex. 2006).

B. Analysis

 In its motion for summary judgment, Blue Flash asserted that it was excused
from having to exhaust administrative remedies before seeking judicial review
because the District and Board (1) acted outside of their statutory authority and (2)
took actions that amounted to a deprivation of property and a violation of Blue
Flash's due process rights. (7)

 1. Exception: Acting Outside of Statutory Authority

 Blue Flash specifically argues that the District and Board acted outside their
statutory authority "by creating a duplicate account for property already assessed and
taxes paid in an existing account; by attempting to retroactively apply a newly created
account to prior tax years already closed; by failing to give notice of the new account;
by failing to give notice of assessment on the new account by the unilateral refusal
to grant a properly requested hearing; by not recognizing or complying with their own
final orders; and by failing to perform their administrative functions to delete their
duplicate account and failing to conduct a statutorily required hearing." We disagree.

 If a state agency acts without authority, the aggrieved party may appeal directly
to the courts without having to exhaust administrative remedies. Lexington Ins. Co.,
128 S.W.3d at 780; Mitchison v. Houston Indep. Sch. Dist., 803 S.W.2d 769, 773
(Tex. App.--Houston [14th Dist.] 1991, writ denied). In such a case, the purposes
underlying the exhaustion rule are not applicable, judicial and administrative
efficiency are not served by waiting for remedies to be exhausted, and agency policies
and expertise are irrelevant if the agency's final action will be a nullity. Lexington
Ins. Co., 128 S.W.3d at 780.

 First, we consider Blue Flash's argument that the District and Board acted
outside of their statutory authority by creating a duplicate account for property
already assessed and taxes paid in an existing account. The crux of Blue Flash's
argument is that the District and Board made a mistake that should have been
corrected. This is a complaint of "getting it wrong," not of acting outside of statutory
authority. See Williams v. Houston Firemen's Relief & Ret.Fund, 121 S.W.3d 415,
430 (Tex. App.--Houston [1st Dist.] 2003, no pet.). Blue Flash was entitled to
protest the District and Board's mistake, i.e., the appraised value of its property in the
allegedly duplicate account, under either chapter 41 (8) or section 25.25 (9) of the Texas
Property Tax Code. See Tex. Tax Code Ann. §§ 25.25, 41.41 (Vernon 2001 &
Supp. 2006). Blue Flash did not avail itself of either of these remedies. Instead, Blue
Flash filed the account number 0950209 correction motion for the 2002 tax year to
correct "[p]roperty over-appraised by more than 1/3," not to correct multiple appraisal
accounts. See id. § 25.25. Blue Flash was entitled to protest the allegedly duplicate
account within the administrative scheme, but it did not. See id. §§ 25.25, 41.41. 
Blue Flash cannot now do so in court.

 Second, we consider Blue Flash's argument that the District and Board acted
outside of their statutory authority by attempting to apply a newly created account
retroactively to prior tax years already closed. Blue Flash in essence contends that
an increase in the appraised value after the tax roll had been certified was not
authorized by the Texas Property Tax Code; thus, the District and Board acted
without statutory authority when they established account number 0950209 for the
leased vehicles. Section 25.25 of the Texas Property Tax Code prohibits the District
and Board from changing the appraisal roll after it is certified unless (1) Blue Flash
files a chapter protest or a corresponding chapter 42 lawsuit or (2) a correction motion
is filed under section 25.25 of the Texas Property Tax Code. See id. § 25.25. 
However, section 25.21 of the Texas Property Tax Code permits the chief appraiser
to include omitted property in the appraisal records at any time:

 (a) If the chief appraiser discovers that real property was
omitted from an appraisal roll in any one of the five
preceding years or that personal property was omitted from
an appraisal roll in one of the two preceding years, he shall
appraise the property as of January 1 of each year that it
was omitted and enter the property and its appraised value
in the appraisal records. 


 (b) The entry shall show that the appraisal is for property
that was omitted from an appraisal roll in a prior year and
shall indicate the year and the appraised value for each
year. 


Id. § 25.21 (Vernon 2001). Section 25.23 specifically authorizes additions to the
appraisal roll for "supplemental appraisal records," such as previously omitted
property. (10) See id. § 25.23(a)(1) (Vernon 2001). Therefore, the District and Board
acted within their statutory authority when they assessed Blue Flash's additional tax
reflecting allegedly omitted property.

 Third, Blue Flash argues that the District and Board acted outside of their
statutory authority by failing to give notice of an assessment on the new account
number 0950209. The crux of Blue Flash's argument is that the District and Board
did not deliver notice as required by section 25.19 of the Texas Property Tax Code. (11) 
Section 25.23 of the Texas Property Tax Code provides that the chief appraiser shall
deliver notice as required under 25.19 as soon as practicable after determining the
appraisal value of supplemental appraisal records. Id. § 25.23(c). The Texas
Property Tax Code allows a property owner to protest the failure of the appraisal
review board to give the proper notice to which a property owner is entitled. Id. §
41.411(a) (Vernon 2001). Section 41.411 expressly grants the appraisal review board
jurisdiction to hear taxpayer complaints regarding lack of notice. (12)
 Id. § 41.411. Blue
Flash did not protest the failure of the appraisal review board to give it proper notice. 
The crux of Blue Flash's argument is that the District and Board made a mistake by
not sending it notice of the new account. This is another complaint of "getting it
wrong," not of acting outside of statutory authority. See Williams, 121 S.W.3d at
430. Blue Flash was entitled to protest administratively the failure of the Board to
give the proper notice, but it did not. See id. § 41.411.

 Fourth, Blue Flash argues that the District and Board acted outside of their
statutory authority by not recognizing or complying with their own "final orders." 
Blue Flash does not explain with which of their "own final orders" the District and
Board have failed to comply. The record reflects that the District and Board issued
three determinations related to this appeal: (1) an order granting Blue Flash's account
number 0595563 correction motion for the 2001 and 2002 tax years, which decreased
the appraised values to reflect interstate allocations; (2) a notice denying Blue Flash's
number 0950209 correction motion for the 2002 tax year because neither the Board
nor the District had the legal authority to change the appraisal roll upon a motion filed
after the delinquency date for the 2002 tax year; (13) and (3) a "notice of approval"
granting Blue Flash's account number 0950209 correction motion for the 2003 tax
year, which decreased the appraised values to reflect interstate allocations. We
interpret Blue Flash's argument to be that because the District and Board issued a
notice decreasing the appraised values to reflect interstate allocations for the same
property and on the same account in the 2003 tax year, the District and Board were
acting outside of their authority when the same property was over-appraised and not
corrected for the 2002 tax year for account number 0950209.

 Blue Flash was entitled to protest the District and Board's alleged mistake, i.e.,
the over-appraised value of its property for the 2002 tax year for account number
0950209, under either chapter 41 or section 25.25 (14) of the Texas Property Tax Code. 
See Tex. Tax Code Ann. §§ 25.25, 41.41(a). However, Blue Flash did not protest
the over-appraised value of its property under chapter 41 or timely file its account
number 0950209 correction motion before the 2002 taxes became delinquent. 
Moreover, the District and Board had the statutory authority to assess Blue Flash's
additional tax reflecting allegedly omitted property and had no authority to correct the
2002 appraisal rolls absent a section 25.25 or 41.41 challenge. See id. §§ 25.25(d),
41.41. 

 Lastly, Blue Flash argues that the District and Board acted outside of their
statutory authority by failing to conduct a statutorily required hearing. Blue Flash
contends that on September 26, 2003, it filed a written request for a hearing before
the Board on its account number 0950209 correction motion for tax year 2002. Blue
Flash's request for a hearing was made in its section 25.25 motion to correct, which 
was a fill-in-the-blank form and which included the following, form-typed text: "I
request the Appraisal Review Board (ARB) schedule a hearing to decide whether or
not to correct the error in the appraisal roll. I request that the Appraisal Review
Board send notice of the time, date, and place fixed for the hearing, not later than 15
days before the scheduled hearing." In its November 7 notice denying Blue Flash's
account number 0950209 correction motion for its 2002 taxes, the Board advised
Blue Flash that it was entitled to a hearing before the Board even though the only
action that the Board could take would be to dismiss its "appeal for lack of
jurisdiction." The notice further explained that the Board was withdrawing Blue
Flash's motion from consideration and that if Blue Flash wished to proceed to a
formal hearing to present its appeal, it should contact the Board in writing within 15
days of the date of the letter. 

 The crux of Blue Flash's argument again is that the District and Board made
a mistake by failing to hold a hearing. This is another complaint of "getting it
wrong," not of acting outside of statutory authority. See Williams, 121 S.W.3d at
430. Blue Flash could have pursued its administrative remedy to correct the Board's
failure to hold that hearing, but it did not. There is no evidence in the record that
Blue Flash followed the instructions in the November 7 notice by contacting the
Board in writing within 15 days of the date of that notice, nor does Blue Flash
contend that it sent any such written request after it had received that notice. Further,
had the Board denied Blue Flash a hearing properly requested after the date of the
letter, Blue Flash would have been entitled to bring suit against the appraisal review
board by filing a petition or application in district court to compel the Board to
provide the hearing. See Tex. Tax Code Ann. § 25.25(m) (providing that hearing
on motion under section 25.25 be conducted in manner provided by chapter 41 of the
Texas Property Tax Code); see also id. § 41.45(f) (Vernon 2001) (stating that
property owner who has been denied hearing to which he is entitled may bring suit
against appraisal review board by filing petition or application in district court to
compel board to provide hearing).

 Accordingly, we hold that the acting-outside-of-statutory exception did not 
apply to excuse Blue Flash from exhausting its administrative remedies before
seeking judicial review of the District and Boards actions.

 2. Exceptions: Constitutional Issues Involved and Failure to Provide
Notice 

 Blue Flash further contends that because the District and Board did not provide
it with proper notice or a meaningful opportunity to dispute the Board's action, Blue
Flash was deprived of notice and due process. 

 Collection of a tax constitutes a deprivation of property; accordingly, a taxing
unit must afford a property owner due process of law and must provide meaningful,
backward-looking relief to rectify any unconstitutional deprivation. McKesson Corp.
v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regulation of Florida, 496
U.S. 18, 31, 110 S. Ct. 2238, 2250-51 (1990); Fisher, 88 S.W.3d at 813. At a
minimum, due process in this context requires notice and a fair opportunity to be
heard before a taxpayer is deprived of a protected property interest. McKesson, 496
U.S. at 37, 110 S. Ct. at 2250-51. "However, '[d]ue process affords only a right to
be heard before final assessment; it does not detail the review mechanism.'" ABT
Galveston Ltd., 137 S.W.3d at 155 (quoting Lal, 701 S.W.2d at 47). In tax cases,
Texas courts have held that due process is satisfied if the taxpayer is given an
opportunity to be heard before an assessment board at some stage of the proceedings.
Id.; Denton Cent. Appraisal Dist. v. CI.T Leasing Corp., 115 S.W.3d 261, 266 (Tex.
App.--Fort Worth 2003, pet. denied).

 Firmly rooted in Texas jurisprudence is a constitutional-claim exception to the
exhaustion-of-administrative-remedies doctrine. E.g., Fisher, 88 S.W.3d at 813
(holding that taxpayer was denied due process and any taxes assessed from appraisal
were void because evidence that taxpayer neither received notice nor had opportunity
to contest appraisal was undisputed); Gibson, 971 S.W.2d at 202-03 (holding that
challengers of school district's new policy did not have to exhaust administrative
remedies before filing constitutional challenge because Texas Education Code did not
provide administrative appeal for state or federal constitutional challenges to
decisions of school board). The constitutional-claim exception to the exhaustion-of-administrative-remedies doctrine was created to protect property owners from the loss
of property without an opportunity to be heard at the administrative level and without
recourse to judicial review. See CIT Leasing, 115 S.W.3d at 266. Before the
enactment of section 41.411, the property tax scheme did not provide taxpayers with
adequate remedies at law to cure defective notice. See id.; see, e.g., Harris County
Appraisal Dist. v. Dincans, 882 S.W.2d 75, 79 (Tex. App.--Houston [14th Dist.]
1994, writ denied) (holding that, under the law as it existed at time, taxpayer was not
required to exhaust administrative remedies because it did not receive notice of
appraised value); Bank of Am. Nat'l Trust & Sav. Ass'n v. Dallas Cent. Appraisal
Dist., 765 S.W.2d 451, 454 (Tex. App.--Dallas 1988, writ denied) (holding that,
under law as it existed at time, appellant was denied procedural due process); New v.
Dallas Appraisal Review Bd., 734 S.W.2d 712, 716 (Tex. App.--Dallas 1987, writ
denied) (holding that appraisal district must deliver notice of appraised value before
it obtains jurisdiction to increase value).

 Thus, courts developed equitable remedies in order to provide taxpayers with
due process protections. See C.I.T. Leasing, 115 S.W.3d at 266-67 n.3. The addition
of section 41.411, however, provided taxpayers with the due process protections that
had previously been lacking under the prior statutory scheme. (15)
 See id. at 266.

 The purpose of section 41.411 is to determine whether a property owner failed
to receive notice of a tax assessment, thereby depriving it of the right to be heard at
the administrative level. See id.; Harris County Appraisal Review Bd. v. Gen. Elec.
Corp., 819 S.W.2d 915, 919 (Tex. App.--Houston [14th Dist.] 1991, writ denied). 
Assuming without deciding that the District and Board did not send Blue Flash the
notice to which it was entitled, the Texas Property Tax Code provided Blue Flash
with administrative procedures specifically created to allow it to protest defective
notice of such actions and to protest improper actions that the District and Board took
adverse to Blue Flash's interests. See Tex. Tax Code Ann. §§ 41.41, 41.411. 

 As discussed in the section above, Blue Flash was provided with statutory
administrative remedies under which it could have protested objectionable District
and Board actions, but chose not to avail itself of the administrative remedies. See
id. §§ 25.25, 41.41(a), 41.411(a). Because Blue Flash was presented with an
opportunity to be heard, deprivations of property that stem from account number
0950209 for the 2002 tax year are not unconstitutional. We hold that Blue Flash
received the process that it was due when it was afforded an opportunity to protest
defective notice and to be heard on the merits of its tax dispute during the
administrative process. The constitutional-claims exception thus did not excuse Blue
Flash from exhausting its administrative remedies before seeking judicial review. 

C. Conclusion

 We have already held that none of the exceptions that Blue Flash asserted on
appeal to the exhaustion-of-remedies doctrine applies to except Blue Flash from
pursuing its administrative remedies. Blue Flash failed to exhaust all administrative
remedies before seeking judicial review of the District and Board's complained-of
actions. Consequently, the district court was deprived of subject-matter jurisdiction
over Blue Flash's third-party claim against the District and Board because that claim
fell within the administrative body's exclusive jurisdiction. The district court erred
by denying the District and Board's partial summary judgment motion to dismiss for
want of jurisdiction Blue Flash's cause of action against them and by granting Blue
Flash's motion for summary judgment. We sustain the District and Board's issues
one and two.

The Taxing Entities' Appeal


 In two points of error, the Taxing Entities argue that the trial court erred by
granting Blue Flash's motion for summary judgment in their delinquent tax suit
against it. Specifically, in issue one, the Taxing Entities argue that the trial court
erred because Blue Flash did not prove as a matter of law that it was double-taxed or
entitled to a partial exemption. In issue two, the Taxing Entities argue that the trial
court erred in granting summary judgment in favor of Blue Flash because Blue Flash
did not exhaust its administrative remedies, nor was it excused from having to do so;
thus, the trial court was deprived of jurisdiction to consider Blue Flash's affirmative
defenses protesting its property's inclusion on the appraisal records.A. Standard of Review

 Our review of a summary judgment is de novo. Provident Life & Accident Ins.
Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). Under the traditional standard for
summary judgment, a movant has the burden to show that no genuine issue of
material fact exists and it is entitled to judgment as a matter of law. Tex. R. Civ. P.
166a(c); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999). We view all evidence in a light favorable to the non-movant
and indulge every reasonable inference in the non-movant's favor. Knott, 128
S.W.3d at 215. A defendant moving for summary judgment on an affirmative defense
must prove each element of its defense as a matter of law, leaving no issues of
material fact. Garza v. Exel Logistics, Inc., 161 S.W.3d 473, 475 n.10 (Tex. 2005)
(citing Johnson & Johnson Med., Inc. v. Sanchez, 924 S.W.2d 925, 927 (Tex. 1996)).

B. Analysis

 Blue Flash moved for traditional summary judgment on the Taxing Entities'
delinquent tax suit against it on the basis that collection was improper because the tax
roll was defective. Specifically, Blue Flash argued that it was entitled to summary
judgment on its affirmative defense because it was double-taxed or, alternatively, it
was partially exempted from the tax. The Taxing Entities did not move for summary
judgment on their delinquent tax suit.

 We recognize that the trial court has jurisdiction over the Taxing Entities'
collection suit against Blue Flash. See Tex. Tax Code Ann. § 33.41(a) (Vernon
2001) (stating that at any time after tax on property becomes delinquent, taxing unit
may file suit to foreclose lien securing payment of tax, to enforce personal liability
for tax, or both.) However, the trial court did not have subject-matter jurisdiction
over Blue Flash's affirmative defense that the appraisals on which the Taxing
Entities' delinquent tax suit was based were defective. See Northwest Tex.
Conference of United Methodist Church v. Happy Indep. Sch.Dist., 839 S.W.2d 140,
143 (Tex. App.--Amarillo 1992, no writ) (holding that failure of taxpayer to pursue
remedies established in Texas Property Tax Code to protest property's inclusion on
appraisal records deprived trial court of jurisdiction to consider taxpayer's defense
that property was exempt); see also Tex. Tax Code Ann. § 42.09 (a) (Vernon 2001)
(stating that procedures prescribed by Texas Property Tax Code provide exclusive
remedies for adjudicating the grounds of protest authorized by the Texas Property
Tax Code and that property owner may not raise any of these grounds as basis for
relief in defense to suit to enforce collection of delinquent taxes). We have already
held that Blue Flash did not exhaust its administrative remedies, nor was it excused
from having to do so; thus, the district court was deprived of subject-matter
jurisdiction to determine whether Blue Flash was double-taxed, or whether it was
partially exempted from the tax. Blue Flash thus did not carry its summary-judgment
burden. 

 Accordingly, we hold that the trial court erred by granting Blue Flash's motion
for summary judgment against the Taxing Entities because the trial court was
jurisdictionally prohibited, for the reasons stated above, from considering Blue
Flash's defense, raised in its motion for summary judgment, that the appraisal roll was
defective.Conclusion

 We reverse the judgment. We render judgment that Blue Flash's third-party
claim against the District and Board be dismissed without prejudice for lack of
subject-matter jurisdiction. We remand the cause.

 

 Tim Taft

 Justice

Panel consists of Justices Taft, Alcala, and Hanks. 
1. The Taxing Entities did not file a motion for summary judgment seeking
affirmative relief in the trial court. Consequently, on appeal, the Taxing
Entities request that this cause be remanded on their delinquent tax suit against
Blue Flash. 
2. The delinquency date for the 2002 taxes was February 1, 2003. See Tex. Tax
Code Ann. § 31.02(a) (Vernon Supp. 2006) (stating that taxes are generally
due on receipt of tax bill and are delinquent if not paid before February 1 of
following tax year)
.
3. In its November 7, 2003 notice, the Board advised Blue Flash that it was
entitled to a hearing before the Board even though the only action that the
Board could take would be to dismiss its "appeal for lack of jurisdiction." The
correspondence further explained that the Board was withdrawing Blue Flash's
motion from consideration and that if Blue Flash wished to proceed to a formal
hearing to present its appeal, it should contact the Board in writing within 15
days of the date of the letter. 
4. The record does not contain a copy of the November 20 notice. However, none
of the parties disputes that it was issued. See Tex. R. App. P. 38.1(f) (stating
that, in civil case, appellate court will accept as true facts by appellant stated
unless another party contradicts them).
5. Although Blue Flash states in its brief that the City of La Porte and La Porte
Independent School District filed a motion for summary judgment, the record
on appeal does not reflect that any such motion was filed, nor do the City of La
Porte and La Porte Independent School District contend that they filed a
motion for summary judgment on their collection cause of action against Blue
Flash.
6. The Taxing Entities assert this argument on appeal, as well. We discuss this
argument's effect on their cause of action below.
7. Blue Flash also contends in its brief that the jurisdiction of the trial court has
been invoked under section 42.01 of the Texas Property Tax Code, for which
there is not a deadline to seek appellate review. See Tex. Tax Code Ann. §
42.01 (Vernon 2001). Section 42.01 applies to a taxpayer's right to appeal a
determination of the appraisal review board. See id. Blue Flash is not
appealing any order or determination of the appraisal review board, but, rather,
asserts that the appraisal roll is defective as an affirmative defense to the
Taxing Entities' collection suit and as a declaratory judgment cause of action
against the District and Board. Although there is a determination on Blue
Flash's account number 0950209 correction motion for the 2002 tax year based
on whether Blue Flash was entitled to an exemption, Blue Flash did not file a
motion to correct for the 2002 tax year based on whether account number
0950209 was a duplicate account. 


 Moreover, the Texas Property Tax Code has deadlines for appealing an order
of the appraisal review board. Section 42.06 provides that to exercise a right
to appeal an order of an appraisal review board, a party must file written notice
of appeal within 15 days after the date that the taxpayer received the notice.
See id. § 42.06(a) (Vernon 2001). Additionally, section 25.25 provides that
within 45 days after receiving notice of the appraisal review board's
determination the taxpayer may file suit to compel the board to order a change
in the appraisal roll. See id. § 25.25(g) (Vernon Supp. 2006).


 
8. Section 41.41(a)(9) of the Texas Property Tax Code specifies that property
owners are entitled to protest any action of the chief appraiser, appraisal
district, or appraisal review board that applies to and adversely affects the
property owner. Tex. Tax Code Ann. § 41.41(a)(9) (Vernon 2001). A
protest under section 41.41 must be filed no later than June 1 or the thirtieth
day after the notice of appraised value is delivered to the property owner,
whichever is later. Id. § 41.44(a)(1) (Vernon Supp. 2006).
9. Under section 25.25(c) of the Texas Property Tax Code, a property owner is
given up to five years to request that the appraisal review board change the
appraisal roll to correct (1) clerical errors, (2) multiple appraisals, or (3) the
inclusion of property that does not exist in the form or at the location described
in the appraisal roll. Tex. Tax Code Ann. § 25.25 (c). The purpose of section
25.25(c) is to allow late changes to otherwise finalized appraisal records only
in situations in which "the decision to make the change is based on an
objective, factual determination and the payment of taxes based on the
uncorrected records would be fundamentally unfair." GE Capital Corp. v.
Dallas Cent. Appraisal Dist., 971 S.W.2d 591, 593 (Tex. App.--Dallas 1998,
no pet.). 
10. Section 31.04(a-1) of the Texas Property Tax Code provides specific
guidelines for when tax bills become delinquent if the bill includes property
that was erroneously omitted. See Tex. Tax Code Ann. § 31.04(a-1) (Vernon
Supp. 2006). If a tax bill is mailed and it includes taxes for one or more
preceding tax years because the property was erroneously omitted from the tax
roll in those tax years, the delinquency date that is provided by section 31.02
is postponed to February 1 of the first year that will provide a period of at least
180 days after the date that the tax bill is mailed in which to pay the taxes
before they become delinquent. Id. 
11. The Taxing Authorities are required to provide property owners notice in
writing. See Tex. Tax Code Ann. § 25.19(a), (b), (g), (h), (j) (Vernon Supp.
2006). The notice must cite appraised property value, segregate real and
personal property appraisals, and provide a detailed explanation of the time and
procedure for protesting the appraisal value. Id. Supplemental appraisal
records are the proper way to add omitted property to the appraisal roll, subject
to review, protest, and appeal under chapters 41 and 42 of the Texas Property
Tax Code. Id. § 25.23(a)(1), (d) (Vernon 2001). 
12. In addition, the Texas Property Tax Code expressly provides that a taxpayer's
failure to receive notice does not affect the validity of the appraisal or "the
imposition of any tax on the basis of the appraisal." Tex. Tax Code Ann. §
25.19(d); Denton Cent. Appraisal Dist. v. CIT Leasing, Corp., 115 S.W.3d 261,
265 (Tex. App.--Fort Worth 2003, pet. denied); Dallas County Appraisal Dist.
v. Lal, 701 S.W.2d 44, 48 (Tex. App.--Dallas 1985, writ ref'd n.r.e). 

13. On appeal, Blue Flash also argues that the notice denying Blue Flash's number
0950209 correction motion for the 2002 tax year was not an order and thus the
District and Board "never heard Blue Flash's motion" and "no final order
existed." However, the Texas Property Tax Code does not mandate that the
District and Board issue an order on a section 25.25 motion to correct. See
Tex. Tax Code Ann. § 25.25. To the contrary, section 25.25(g) provides that
a property owner may file suit to compel the board to order a change to the
appraisal roll within 45 days after receiving notice of the appraisal review
board's determination. See id. § 25.25(g).
14. Section 25.25(d) of the Texas Property Tax Code provides, "At any time prior
to the date the taxes become delinquent, a property owner or the chief appraiser
may file a motion with the appraisal review board to change the appraisal roll
to correct an error that resulted in an incorrect appraised value for the owner's
property. However, the error may not be corrected unless it resulted in an
appraised value that exceeds by more than one-third the correct appraised
value." Tex. Tax Code Ann. § 25.25(d). 
15. Section 41.411 provides:


 (a) A property owner is entitled to protest before the
appraisal review board the failure of the chief appraiser or
the appraisal review board to provide or deliver any notice
to which the property owner is entitled.


 (b) If failure to provide or deliver the notice is established,
the appraisal review board shall determine a protest made
by the property owner on any other grounds of protest
authorized by this title relating to the property to which the
notice applies.


 (c) A property owner who protests as provided by this
section must comply with the payment requirements of
Section 42.08 or he forfeits his right to a final
determination of his protest.


 Tex. Tax Code Ann. § 41.411 (Vernon 2001).